739 So.2d 425 (1999)
Aaron FINLEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-CP-01215-COA.
Court of Appeals of Mississippi.
April 20, 1999.
*426 Aaron Finley, appellant, pro se.
*427 Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., COLEMAN AND THOMAS, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Aaron Finley pled guilty to the unlawful sale of a controlled substance. Two years later he sought relief under the Uniform Post-Conviction Collateral Relief Act, arguing that both his statutory and constitutional rights to a speedy trial were violated and that he was denied effective assistance of counsel. The Copiah County Circuit Court denied any relief and he appeals. We affirm.

DISCUSSION
¶ 2. On February 13, 1995, Aaron Finley pled guilty to the August 26, 1993 sale of crack cocaine. He was sentenced to serve eight years in the custody of the Mississippi Department of Corrections. On August 1, 1997, Finley filed for post-conviction relief. The Copiah County Circuit Court determined that the allegations were insufficient to require a hearing and entered an order on September 24, 1997 denying any relief. We review each claim that was made.

I. Speedy trial
¶ 3. Finley alleged that both his statutory and constitutional rights to a speedy trial were violated. The circuit judge rejected these assertions, reasoning that "[t]he Defendant has waived his right to assert a speedy trial by not timely bringing the motion before the Court." By "timely," we infer that the trial court was referring to the need to complain about speedy trial issues before pleading guilty, as otherwise those arguments are waived. Anderson v. State, 577 So.2d 390, 391 (Miss.1991). The Anderson court recognized that all non-jurisdictional rights or defects which are incident to trial are waived by a valid guilty plea. Id. The court explained that "[w]e have generally included in this class those [rights] secured by the Fifth, Sixth, and Fourteenth Amendments to the Constitution.... We take this opportunity to specifically include in that class of waivable or forfeitable rights the right to a speedy trial, whether of constitutional or statutory origin." Id. at 391-92.
¶ 4. Finley waived arguments regarding speedy trial.

II. Ineffective assistance of counsel
¶ 5. A claim of ineffective assistance of counsel is judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two inquiries under that standard are (1) whether counsel's performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined. Id. at 687, 104 S.Ct. 2052. This standard is also applicable to the entry of a guilty plea. Roland v. State, 666 So.2d 747, 750 (Miss.1995). The burden of proving that both prongs of Strickland have been met is on the defendant who faces a rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance. Walker v. State, 703 So.2d 266, 268 (Miss. 1997).
¶ 6. Finley complains that he was denied effective assistance of counsel due to his attorney's failure to investigate fully the case against him and to interview witnesses. However, the majority of Finley's brief is devoted to rehashing his speedy trial arguments. He may not assert a right which he has waived by characterizing it as an ineffective assistance of counsel argument.
¶ 7. As for his attorney's failure to investigate and interview witnesses, Finley fails to allege that the asserted errors of his attorney proximately resulted in his guilty plea and, but for these errors, he would not have entered the plea. Finley *428 fails to identify what other witnesses should have been interviewed and what their testimony might have been. "Where a motion for post-conviction relief makes no showing that interviewing additional witnesses would have produced a different outcome, the movant has failed to make out a claim of ineffective assistance of counsel." Foster v. State, 687 So.2d 1124, 1134 (Miss.1996). This claim is without merit and is denied.
¶ 8. Finley's final contention is that his attorney failed to discuss the State's discovery with him. He does not allege how this prejudiced him. "[I]n order to sustain summary dismissal, of the ineffective assistance of counsel claim, under Miss.Code Ann. § 99-39-11(2) (Supp.1998), the allegation must be alleged with specificity. [The movant] must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Ford v. State, 708 So.2d 73, 75 (Miss.1998). Finley makes the bare assertion that his attorney failed to discuss the State's discovery with him. However, he fails to allege how the results of the trial court decision would have changed had such a discussion occurred.
¶ 9. Finally, we note Finley's own previously asserted satisfaction with his attorney. At the hearing on Finley's petition to enter a guilty plea, the circuit judge asked Finley whether he was satisfied with "the time and the advice and the help and so forth" that his attorney had given him. Finley responded affirmatively. He further recognized that his attorney was a "good lawyer" who had "done everything that [he] wanted [him] to do." "Solemn declarations in open court [by a defendant] carry a strong presumption of verity." Roland, 666 So.2d at 750.
¶ 10. To merit an evidentiary hearing on the issue of ineffective assistance of counsel, a defendant's allegations of counsel's performance must raise "sufficient questions of fact on the issue of ineffective assistance of counsel." Id. The circuit judge correctly found that the allegations in Finley's petition failed to rise to the level necessary to warrant an evidentiary hearing.
¶ 11. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO COPIAH COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.