THOMAS, J.,
for the Court:
¶ 1. Tracy Newsome (actual spelling according to the record is Newson), pro se, appeals an order of the Circuit Court of Tate County, Mississippi denying his petition for post-conviction relief. Aggrieved, Newson perfected this appeal, raising the following issues as error:
*890 I. DID NEWSON PLEAD GUILTY TO A DEFECTIVE INDICTMENT IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS?
II. WAS NEWSON DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. A grand jury impaneled in the Circuit Court of Tate County returned an indictment charging Tracy Newson as a second offender for the sale of cocaine within 1,000 feet of the real property comprising a church. Following an agreement between the State and the defense, New-son pled guilty to a reduced charge of the sale of cocaine. The charges of second offender and enhanced punishment were reduced to that of the sale of cocaine. Newson was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections with ten years suspended.
¶ 4. Newson filed a complaint for post-conviction relief, in which he claimed that the indictment was defective and that he received ineffective assistance of counsel. The circuit court entered an order denying Newson’s complaint. It is from this denial that Newson now appeals.
ANALYSIS
I.
DID NEWSON PLEAD GUILTY TO A DEFECTIVE INDICTMENT IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS?
¶ 5. Newson asserts that the circuit court should have directly found that the indictment was defective. The substance of his allegation that the indictment was defective is two-fold: (1) Newson contends that he should not have been indicted or charged pursuant to the enhanced punishment statute, Miss.Code Ann. § 41-29-142 (Rev.1993), and (2) Newson states that he should not have been charged in the indictment pursuant to the second offender statute, Miss.Code Ann. § 41-29-147 (Rev.1993). This argument is wholly without merit. As the circuit court held, Newson’s petition has no merit due to the fact that Newson was not convicted under either the second offender statute or the enhanced punishment statute regarding sales near churches. Additionally, New-son’s entry of the guilty plea waived any such non-substantive defects to the indictment. See, e.g., Buford v. State, 756 So.2d 815 (¶ 4) (Miss.Ct.App.2000); Brandau v. State, 662 So.2d 1051, 1055 (Miss.1995).
¶ 6. Mississippi Code Annotated § 99-39-21(l)(Rev.2000) mandates that a failure to raise an objection, defense or error in fact or law capable of determination at trial or on direct appeal shall be deemed a waiver. The prisoner will then be procedurally barred from raising that claim unless he can make a showing of good cause and actual prejudice. However, the question of the indictment is one which could and should have been raised on direct appeal. The indictment was not defective, but even if it were, the deficiencies were non-jurisdictional in nature and were waived when Newson entered his guilty plea. “A valid guilty plea ... admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant.” Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990) (citations omitted). Therefore, the issue of whether the indictment was flawed is barred.
II.
WAS NEWSON DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 7. Newson claims ineffective assistance of counsel. To prevail on the *891 issue of whether his counsel’s performance was ineffective, Newson is required to show that counsel’s performance was deficient and that the defendant was prejudiced by counsel’s mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test “applies to challenges to guilty pleas based on ineffective assistance of counsel.” Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994).
¶ 8. Newson “must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different.” Finley v. State, 739 So.2d 425 (¶ 8) (Miss.Ct.App.1999) (quoting Ford v. State, 708 So.2d 73, 75 (Miss.1998)). “To merit an evidentiary hearing on the issue of ineffective assistance of counsel, a defendant’s allegations of counsel’s performance must raise ‘sufficient questions of fact on the issue of ineffective assistance of counsel.’ ” Finley, 739 So.2d at 428 (¶ 10) (quoting Roland v. State, 666 So.2d 747, 750 (Miss.1995)).
¶ 9. Newson argues that his counsel was deficient because he faded to object to the allegedly defective indictment and erroneously counseled Newson to plead guilty to the charges. Other than the bold allegations put forth by Newson’s petition, he fails to offer any proof to substantiate his allegations and how these allegations made counsel’s performance deficient. A defendant “must prove that, under the totality of the circumstances, prejudice resulted from a deficiency in [trial] counsel’s performance.” Earley v. State, 595 So.2d 430, 433 (Miss.1992). In addition such deficiencies must be presented with specificity and detail. Perkins v. State, 487 So.2d 791, 793 (Miss.1986). Newson fails to provide any facts or arguments to support this claim. Furthermore, his counsel obviously succeeded in securing a reduction of the charge to simple sale of cocaine, without the enhancements in question here, and in effecting a plea of guilty, pursuant to which Newson would have to serve only ten years. In any case, Newson testified affirmatively during his plea colloquy that he was satisfied with the services rendered by his counsel and that he had no complaints against him. Newson’s allegations of ineffective assistance of counsel are without merit in that the guilty plea petition provides ample evidence to the contrary.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS AND CHANDLER, JJ„ CONCUR.