791 So.2d 902 (2001)
Antonio ANDREWS a/k/a Tony Berry, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01140-COA.
Court of Appeals of Mississippi.
August 7, 2001.
Antonio Andrews, Appellant pro se.
*903 Office of the Attorney General by Deirdre McCrory, for Appellee.
Before KING, P.J., LEE, and CHANDLER, JJ.
KING, P.J., for the Court:
¶ 1. Antonio Andrews perfected this appeal from the denial of post-conviction relief by the Circuit Court of Pontotoc County, Mississippi. Andrews pled guilty to selling cocaine and conspiracy to sell cocaine and was sentenced to serve nineteen years in the custody of the Mississippi Department of Corrections, with five years suspended for both charges. He has asserted that: (1) his guilty plea was not voluntarily given and (2) that he received ineffective assistance of counsel.

FACTS
¶ 2. The Pontotoc County Grand Jury, in separate indictments, charged Antonio Andrews with various drug offenses. The first indictment, entered on January 11, 1997, under the cause number 97-157, charged Andrews with selling cocaine and conspiracy to sell cocaine. Andrews pled guilty to these charges. The court sentenced Andrews to nineteen years with five years suspended, fined him $5,000 with $4,500 suspended and ordered him to pay restitution to various parties on the sale of cocaine charge and nineteen years with five years suspended on the conspiracy to sell charge. The second indictment, entered on December 11, 1997, under cause number 97-158, charged Andrews with selling cocaine. Andrews pled not guilty to this charge, and the matter proceeded to trial on April 14, 1998. After a jury verdict of guilty, the court sentenced Andrews to serve a term of fifteen years, with five years suspended. This sentence was to run concurrently with the sentence from the first indictment.
¶ 3. Andrews appealed his conviction and sentence in cause number 97-158, but later declined to pursue that appeal. He then filed a motion for post-conviction relief. In an order entered June 6, 2000, the court denied Andrews' motion for post-conviction relief finding that he had not exhausted his appellate remedies as required by the Post-Conviction Relief Act. Miss.Code Ann. § 99-39-1 (Rev.2000). However, the trial court noted Andrews had entered guilty pleas in cause number 97-157, and proceeded to apply his motion for post-conviction relief to that cause. Upon review of the plea hearings, the trial court held that Andrews was not entitled to post-conviction relief in cause number 97-157, nor had he established a prima facie case entitling him to an evidentiary hearing. Aggrieved by the trial court's decision, Andrews appealed the denial of post-conviction relief.

ANALYSIS AND ISSUES

I.

Whether the appellant's guilty plea was voluntarily given?

II.

Whether the appellant received the ineffective assistance of counsel?
¶ 4. This Court reviews the denial of post-conviction relief under an abuse of discretion standard. Mitchell v. State, 754 So.2d 519(¶ 7) (Miss.Ct.App.1999). Pursuant to Miss.Code Ann. § 99-39-11 (2000), Andrews was first obligated to plead and offer sufficient proof of facts which would entitle him to an evidentiary hearing. The trial court, relying on the record of the plea hearing, found that Andrews failed to meet the initial threshold. This Court has reviewed that record and cannot say that the trial court abused its discretion.
*904 ¶ 5. The record establishes that Andrews, after being placed under oath, had explained to him by the trial court, and was questioned by the trial court to determine whether he knew and understood, the effects of a guilty plea, and whether he was entering that plea of his own volition. Andrews' answer given, under oath, indicates that he entered his plea voluntarily, knowingly and intelligently. Both this Court and the trial court, in the absence of evidence of sufficient weight and quality, are entitled to rely upon these answers given under oath. Sherrod v. State, 784 So.2d 256(¶ 15) (Miss.Ct.App. 2001) (citing Simpson v. State, 678 So.2d 712, 716 (Miss.1996)).
¶ 6. The record before this Court does not demonstrate that Andrews presented to the trial court evidence of sufficient weight and gravity to merit either an evidentiary hearing or post-conviction relief.
¶ 7. Accordingly, this Court finds no abuse of discretion by the trial court.
¶ 8. THE JUDGMENT OF THE PONTOTOC COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS ARE ASSESSED TO PONTOTOC COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.