803 So.2d 1259 (2002)
Tommy JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01889-COA.
Court of Appeals of Mississippi.
January 8, 2002.
*1260 Tommy Jones, Appellant pro se.
Office of the Attorney General by W. Glenn Watts, for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
BRIDGES, J., for the Court.
¶ 1. Tommy Jones pled guilty to the crime of armed robbery in October of 1999 before the Honorable Gray Evans in the Circuit Court of Washington County. Jones was sentenced to ten years in the custody of the Mississippi Department of Corrections, and the trial court suspended five of those years. In August of 2000, Jones filed a motion for post-conviction relief. This motion was denied, and Jones comes here bringing one issue:
WHETHER TOMMY JONES RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.
Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. Tommy Jones pled guilty to the armed robbery of an Exxon Filling Station in Greenville, Mississippi on October 11, 1999. During the plea hearing, the trial court explained all of the rights Jones was waiving by pleading guilty, and Jones testified he understood those rights. Jones testified he and his attorney had discussed the facts of his case, the charges that were brought against him, and the defenses available to him. Jones stated he had discussed the decision to plead guilty with his attorney and that he was satisfied with his attorney's assistance. Jones was sentenced to a total of ten years in the custody of the Mississippi Department of Corrections, with five of those years suspended. Jones was also sentenced to five years of supervised probation upon his release.
¶ 3. On August 27, 2000, Jones filed a motion for post-conviction relief on the grounds he was denied effective assistance of counsel. The trial court denied this motion on October 10, 2000.

STATEMENT OF THE LAW

STANDARD OF REVIEW
¶ 4. "This Court reviews the denial of post-conviction relief under an abuse of discretion standard." Andrews v. State, 791 So.2d 902 (¶ 4) (Miss.Ct.App.2001).
¶ 5. In dealing with the voluntariness of guilty pleas, this Court's standard of review states this Court will not set aside the findings of the trial court unless they are clearly erroneous. Pleas v. State, 766 So.2d 41 (¶ 4) (Miss.Ct.App.2000). In addition, a guilty plea meets constitutional requirements when it is freely and voluntarily entered. Id.
¶ 6. To establish a claim for ineffective assistance of counsel the defendant must prove his attorney's performance was defective and the deficiency deprived the defendant of a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). This deficiency is assessed by looking at the totality of the circumstances. Id. There is also a strong presumption the attorney's conduct fell within the wide realm of reasonable professional assistance, and this review is highly deferential to the attorney. Id.

ANALYSIS
WHETHER TOMMY JONES RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 7. Jones raises this issue because he believes his right to effective assistance of counsel, as guaranteed by the United States Constitution, was violated by his attorney convincing him to plead guilty. Claiming the evidence in this case was not sufficient to convict him of the crime of armed robbery, Jones argues his attorney *1261 should have recognized there was insufficient evidence and never should have allowed Jones to plead guilty. Believing he was misled by his attorney, Jones argues his attorney's ineffectiveness caused his guilty plea to be involuntary. In fact, Jones claims he tried to fire his attorney but could not because he was so close to trial. The State counters by arguing Jones waived any evidentiary problems by pleading guilty, and that Jones has failed to meet the burden of proof required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to prove ineffective assistance of counsel.
¶ 8. To prove ineffective assistance of counsel, an appellant must show his case meets the two prongs set forth by the United States Supreme Court in Strickland. Id. First, the appellant must establish that the assistance given by the attorney was deficient, and second, the appellant must prove the deficiency prejudiced his case, depriving him of a fair trial. Myers v. State, 767 So.2d 1058 (¶ 8) (Miss.Ct.App.2000). This is viewed by the totality of the circumstances, and there is a strong, but rebuttable, presumption the attorney's behavior fell within the wide realm of reasonable professional assistance. Reynolds v. State, 784 So.2d 929 (¶ 15) (Miss.2001).
¶ 9. After reviewing the record, it becomes clear Jones was rendered effective assistance of counsel. As is well known, this Court cannot act based on assertions made by parties in briefs, but must limit its review to the record set before it. Burnett v. Islam, 792 So.2d 1016 (¶ 8) (Miss.Ct.App.2001). Many of the arguments made by Jones regarding his attorney's performance are assertions contradicted by the record. During his plea hearing, Jones testified he was pleased with his attorney's performance and that no one pressured him into pleading guilty. This was a sworn statement, and it contradicts the arguments Jones now raises. Jones contends the evidence against him was so weak his attorney should not have allowed him to plead guilty. Most of the evidence which Jones refers to is not found in the record, and therefore cannot be considered. Id.
¶ 10. Simply put, there was no evidence in the record which indicated Jones's attorney acted deficiently in any way. There is a strong presumption that an attorney's behavior falls into the wide realm of reasonable professional assistance, and Jones has offered no direct evidence from the record which indicates his attorney acted deficiently in any way. Reynolds, 784 So.2d at (¶ 15). Therefore, Jones has failed to meet the first prong of the Strickland test.
¶ 11. Jones asserts that his attorney's deficiency caused him to enter a guilty plea involuntarily and unknowingly. Because we find no deficiency in Jones's legal representation, such representation did not cause his guilty plea to be involuntary or unknowingly made. As stated above, this Court will not set aside a trial court's finding of voluntariness unless the finding is clearly erroneous. Pleas, 766 So.2d at (¶ 4). Upon review of the record, this Court finds the trial court's finding was not in error.
¶ 12. The trial court was correct in denying Jones's claim of ineffective assistance of counsel, and there was no evidence Jones's guilty plea was involuntary in anyway. This Court will only reverse a trial court's decision to deny post-conviction relief when an abuse of discretion is found. Andrews, 791 So.2d at (¶ 4). No such abuse of discretion is present here. Therefore, we affirm.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING POST CONVICTION RELIEF WITH PREJUDICE IS *1262 HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.