¶ 1. Leroy Newman entered pleas of guilty to house burglary and aggravated assault and was sentenced to fifteen years for each crime, the two sentences to run concurrently. Newman petitioned for post-conviction relief and the Lauderdale County Circuit Court denied his petition. Aggrieved, Newman appeals, arguing that he was denied effective assistance of counsel and his guilty pleas were involuntary. Finding no error, we affirm.
 FACTS
¶ 2. In March 1998, a Lauderdale County grand jury indicted Leroy Newman for house burglary, aggravated assault, and armed robbery. Newman, facing a potential life sentence on the count of armed robbery, pleaded guilty to house burglary and aggravated assault; in return, the State entered an order of nolle prosequi for the count of armed robbery. The court sentenced Newman to fifteen years in the Mississippi Department of Corrections on both counts, each to run concurrently to the other.
 STANDARD OF REVIEW
¶ 3. In reviewing the trial court's denial of a petition for post-conviction relief, we will not disturb the factual findings of the trial court unless they are determined to be clearly erroneous. Brown v.State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999). This Court "will not vacate such a finding *Page 770 
unless, although there is evidence to support it, we are on the entire evidence left with the definite and firm conviction that a mistake has been made." Merritt v. State, 517 So.2d 517, 520 (Miss. 1987).
 LAW AND ANALYSIS I. DID NEWMAN RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 4. Newman argues that he received ineffective assistance of counsel in that his appointed attorney refused to put any effort into defending his case. Moreover, Newman contends that counsel failed to advise him of the elements of the charges brought against him. According to Newman, counsel coerced him into pleading guilty even though his actions did not amount to a violation of the statute defining house burglary. Conversely, the State argues that Newman's claims are refuted by the record, in particular Newman's sworn assertions that counsel had done everything possible in representing him and that his plea was voluntary and not the result of coercion.
¶ 5. In order to succeed on the issue of whether his defense counsel's performance was ineffective, Newman must show that counsel's performance was deficient and that he was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). Newman bears the burden of bringing forth evidence that demonstrates both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss. 1994). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; however, this presumption is rebuttable. McQuarter v. State, 574 So.2d 685, 687 (Miss. 1990). Accordingly, appellate courts grant substantial deference to the attorney when reviewing claims for ineffective assistance of counsel.Strickland, 466 U.S. at 689. This Court looks at the totality of the circumstances when determining if the defendant was prejudiced by counsel's representation. McQuarter, 574 So.2d at 687. To overcome this highly deferential standard, Newman must demonstrate that but for counsel's errors, the outcome of his trial would have been different.Buford v. State, 756 So.2d 815, 817 (¶ 7) (Miss.Ct.App. 2000).
¶ 6. The record reflects that Newman's counsel fully advised him of the elements of each charge brought against him. Moreover, counsel was under no obligation to impeach the statements of witnesses prior to the trial; when Newman decided to plead guilty, he waived the right to cross-examine and impeach the witnesses whose statements would have been used against him. See Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989). When asked by the trial court whether he was satisfied with counsel's representation, Newman answered affirmatively. In effect, Newman's arguments are contradicted by his own sworn statements during the plea hearing. "As is well known, this Court cannot act based on assertions made by parties in briefs, but must limit its review to the record set before it." Jones v. State, 803 So.2d 1259, 1261 (¶ 9) (Miss.Ct.App. 2002). Therefore, Newman has failed to meet the first prong of the Strickland test by proving that counsel's representation was in any way deficient.
 II. WAS NEWMAN'S PLEA MADE INVOLUNTARILY UNKNOWINGLY AND UNINTELLIGENTLY?
¶ 7. Newman argues that neither counsel nor the circuit court satisfied the criteria for ensuring that his rights were protected by thoroughly examining the record and *Page 771 
informing him of the elements comprising the charges brought against him.
¶ 8. The burden of proving that a guilty plea was involuntarily entered is on the defendant and must be proven by a preponderance of the evidence. Stevenson v. State, 798 So.2d 599, 602 (¶ 7) (Miss.Ct.App. 2001). "A plea is deemed `voluntary and intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." Alexander v. State,605 So.2d 1170, 1172 (Miss. 1992). In determining whether the guilty plea was made knowingly and voluntarily, an examination of the entire record must be conducted. Weatherspoon v. State, 736 So.2d 419, 421 (¶ 5) (Miss.Ct.App. 1999).
¶ 9. During the plea hearing, Newman specifically stated that counsel reviewed the essential elements of each of the crimes he had been charged with. Newman testified under oath that he fully understood that if the case were to go to trial, the State would have to prove each element beyond a reasonable doubt. The trial court fully informed Newman of the minimum and maximum sentences that could be imposed against him for each crime. Newman had the advice of counsel throughout the entire proceeding. Newman indicated that his pleas were freely, voluntarily and knowingly given and not the product of undue coercion. After close examination of the record, it is clear that Newman has failed to prove by a preponderance of the evidence that his guilty plea was involuntary. Accordingly, this issue is without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTYDENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TOLAUDERDALE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,IRVING, MYERS AND BRANTLEY, JJ., CONCUR.