CHANDLER, J„
for the court.
¶ 1. Charles Hadley pleaded guilty to sexual battery and was sentenced by the Lee County Circuit Court to fifteen years’ imprisonment in the Mississippi Department of Corrections. Hadley appealed for post-conviction relief and the circuit court dismissed his petition. Aggrieved, Hadley appeals, arguing that he was denied effective assistance of counsel. Hadley also asserts that because of counsel’s ineffective representation, his plea was involuntarily entered. Finding no error, we affirm.
FACTS
¶ 2. In July 1998, the Lee County grand jury indicted Charles Hadley, charging him with capital rape of his minor daughter. Hadley, facing a minimum of life imprisonment if convicted of capital rape, pleaded guilty to the reduced charge of sexual battery. Before accepting the plea, the trial judge questioned Hadley extensively in order to determine whether he understood the charge brought against him and the consequences of entering a plea of guilt. Assured that Hadley fully understood the nature of the proceedings, the trial judge accepted his plea and sentenced him to fifteen years’ imprisonment without the possibility of parole.
LAW AND ANALYSIS
¶ 3. In reviewing the trial court’s denial of a petition for post-conviction re *917 lief, we will not disturb the factual findings of the trial court unless they are determined to be clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). This Court “will not vacate such a finding unless, although there is evidence to support it, we are on the entire evidence left with the definite and firm conviction that a mistake has been made.” Merritt v. State, 517 So.2d 517, 520 (Miss.1987).
¶ 4. Hadley first argues that defense counsel refused to provide him with crucial documents from a prior youth court hearing involving the victim. According to Hadley, the documents would undeniably prove his innocence. Additionally, Hadley asserts that counsel failed to inform him of his rights to a fast and speedy trial. Had-ley claims that these actions amounted to ineffective assistance of counsel. Moreover, Hadley asserts that defense counsel’s ineffective assistance effectively rendered his plea of guilt involuntary.
¶ 5. In order to succeed on the issue of whether his defense counsel’s performance was ineffective, Hadley' must show that counsel’s performance was deficient and that the he was prejudiced by counsel’s mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hadley bears the burden of bringing forth evidence that demonstrates both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994). There is a strong presumption that counsel’s conduct falls within a wide range of reasonable professional assistance; however, this presumption is rebuttable. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Accordingly, this Court grants substantial deference to counsel’s perfom manee when reviewing ineffective assistance claims. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. This Court looks at the totality of the circumstances when determining if the defendant was prejudiced by counsel’s representation. McQuarter, 574 So.2d at 687. .To overcome this highly deferential standard, Hadley must demonstrate that but for counsel’s errors, the outcome of his trial would have been different. Buford v. State, 756 So.2d 815, 817 (¶ 7) (Miss.Ct.App.2000).
¶ 6. On September 2, 1998, the Lee County Youth Court held a hearing to determine whether the victim had been abused within the meaning of the Mississippi Youth Court Act. At the conclusion of the hearing, the youth court judge decided that Hadley had sexually abused his daughter. Prior to pleading guilty in the cause sub judice, Hadley filed a motion to obtain these transcripts. ' The'trial judge granted the motion and the youth court judge released the transcripts under a confidential seal, instructing the trial judge to review the transcript for any information that might have been material to Hadley’s defense. The record reflects that the trial judge never released the transcripts to either Hadley or defense counsel.' Nonetheless, Hadley argues that the trial judge did in fact hand the transcripts over to defense counsel who then refused to provide them to him. Unfortunately, Hadley fails to support his contentions with any evidence, asking this Court to assume that counsel refused to turn the transcripts over to him. This is an assumption we are unwilling to make as it is “well known, [we] cannot act based on assertions made by parties in briefs, but must limit [our] review to the record set before [us].” Jones v. State, 803 So.2d 1259, 1261 (¶ 9) (Miss.Ct.App.2002). In essence, Hadley’s failure to provide this Court with evidence in support of his claim has undermined his attempt to rebut the presumption that counsel’s performance was reasonable.
¶ 7. Even assuming Hadley could prove that defense counsel’s performance *918 was deficient, Hadley makes no attempt to show counsel’s failure to provide him with the documents resulted in prejudice. Subsequent to the dismissal of his petition for post-conviction relief, Hadley obtained the transcripts from the youth court clerk. He has placed them in his brief under the heading of “Exhibit F.” Although we are limited to only those matters in the record before us, we note that the youth court transcripts support the conclusion that Hadley had sexually abused his daughter. By including the transcript in his brief, Hadley has proven that the outcome of the case would not have been different had he come into possession of the youth court transcripts; therefore, his claim for ineffective assistance is without merit.
¶ 8. For the same reason, Had-ley’s claim that his attorney failed to inform him of his right to a speedy trial fails. Hadley was arrested on May 13, 1998, indicted on July 23, 1998, and pleaded guilty on May 3, 1999. The trial had originally been set for November 16, 1998, 117 days after the indictment. This date was pushed back after Hadley filed a motion for continuance which was granted on November 5, 1998. The Mississippi Supreme Court has stated that “continuances sought by the defense are charged against them.” Sharp v. State, 786 So.2d 372, 378 (¶ 7) (Miss.2001). Although we do not know the date of the arraignment, we can assume that the trial date of May 3,1999, did not violate Hadley’s statutory right to a speedy trial as he was indicted only 117 days prior to the original trial date and that date was extended only after the trial court granted Hadley’s motion for a continuance. See Id. at 377-78 (¶ 5) (noting the 270-day rule); see also Miss.Code Ann. §§ 99-17-1 (Rev.2000) (stating that “[u]nless good cause be shown, and continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned”). Likewise, Hadley’s constitutional claim to a speedy trial would have failed. See Sharp, 786 So.2d at 380 (¶ 15) (listing the requirements for proving constitutional violation of speedy trial, none of which would have supported Hadley’s claim); see also Perry v. State, 419 So.2d 194, 199 (Miss.1982) (stating that “if the defendant caused the delay, he will not be allowed to complain”). Therefore, Hadley cannot demonstrate that .the outcome of the trial would have been different had counsel informed him of his right to a speedy trial. Without the showing of prejudice, Hadley cannot sustain a claim for ineffective assistance of counsel; as such, this issue is without merit.
¶ 9. Hadley next argues that but for counsel’s ineffective representation, he would not have pleaded guilty; therefore, his plea was involuntarily made. Specifically, Hadley contends that neither defense counsel nor the trial court informed him that he would have to serve his fifteen-year sentence without the benefit of early release. Accordingly, Hadley asserts that without full knowledge of the maximum punishment, his plea could not have been voluntarily entered. We first note that this argument is procedurally barred as it is raised for the first time in this appeal. Rivers v. State, 807 So.2d 1280, 1281 (¶ 5) (Miss.Ct.App.2002). Nonetheless, procedural bar not excepted, we will address the merits of Hadley’s claim.
¶ 10. The burden of proving that a guilty plea was involuntarily made is on the defendant and must be proven by a preponderance of the evidence. Stevenson v. State, 798 So.2d 599, 602 (¶ 7) (Miss.Ct.App.2001). “A plea is deemed ‘voluntary and intelligent’ only where the defendant *919 is advised concerning the nature of the charge against him and the consequences of the plea.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). In determining whether the guilty plea was made knowingly and voluntarily, an examination of the entire record must be conducted. Weatherspoon v. State, 736 So.2d 419, 421 (¶ 5) (Miss.Ct.App.1999).
¶ 11. Hadley’s argument contradicts the statements he made under oath in open court. The trial judge informed Hadley that by statute he could be sentenced to thirty years’ imprisonment and fined not more than $10,000. Hadley stated that he understood the maximum sentence allowed by statute and that he still wished to plead guilty. The trial judge then asked Hadley whether he understood that the court was not bound by any sentencing recommendation made by the State. Again, Hadley answered that he understood; the trial judge then sentenced Hadley to fifteen years’ imprisonment. As the record reflects, Hadley was informed of the maximum punishment allowed for sexual battery; therefore, his claim is wholly without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.