KING, P.J., for the Court.
¶ 1. Carl Porter appeals the dismissal of his request for post-conviction relief by the Copiah County Circuit Court. Porter raises a single issue for this Court’s review that we cite verbatim: “Whether the trial court erred when petitioner’s motion for post-conviction relief was denied without hearing.”
FACTS
¶ 2. On October 26, 1998, Porter was indicted in Copiah County on charges of capital murder and conspiracy. On November 9, 1998, the circuit court accepted Porter’s pleas of guilty to the offenses of capital murder and conspiracy.
¶ 3. The plea hearing established that on September 7, 1998, in Hazlehurst, Mississippi, Porter, James Fair, Cordel More-land and Ben Tanner, Jr., were in attendance at a card game. Porter, Fair and Moreland conspired to rob Tanner, who was intoxicated. Moreland and Fair were to assist Tanner in walking home. Porter struck Tanner on the head with a board *651 commonly, referred to as two-by-four. Fair removed the wallet from Tanner’s unconscious body. Tanner later died from these injuries.
¶ 4. The parties were arrested and given their Miranda rights. Porter gave three statements, including one denying involvement and one admitting that he struck Tanner.
¶ 5. On November 9, 1998, Porter was sentenced “to serve the remainder of his natural life in the custody of the Mississippi Department of Corrections without the benefit of early release or parole as to the charge of Capital Murder and to serve twenty (20) years in the custody of the Mississippi Department of Corrections as to the charge of Conspiracy; said sentences to run concurrent with each other.”
¶ 6. On December 5, 2000, Porter filed a motion for post-conviction relief. The circuit court determined that Porter’s motion lacked merit and on December 20, 2000, dismissed Porter’s post-conviction relief motion without an evidentiary hearing.
Analysis
Whether the trial court erred when petitioner’s motion for post-conviction relief was denied without hearing.
¶ 7. Porter challenges the trial court’s denial of his motion for post-conviction relief without an evidentiary hearing. Porter argues three grounds for post-conviction relief. .
¶ 8. He asserts that he received ineffective assistance of trial counsel, which rendered his pleas of guilty involuntary. To demonstrate the ineffective assistance of counsel, Porter states (1) that counsel spent only an hour with him prior to the plea hearing, (2) that counsel misrepresented the plea bargain, (3) that counsel was confused as to the minimum and maximum sentence and (4) that counsel was not from Copiah County.
¶ 9. Secondly, he asserts that the district attorney failed to establish a factual basis for the plea.
¶ 10. Lastly, Porter asserts that the trial judge abused his authority in sentencing him as an habitual offender.
¶ 11. Mississippi Code Ann. Section 99-39-9(1) provides that a post-conviction motion must include (1) a concise statement of the grounds for relief, (2) a sworn statement of those facts within the prisoner’s personal knowledge, and (3) a statement of facts outside of the prisoner’s personal knowledge and how or by whom these facts will be proven. Affidavits of these persons and any supporting documents should also be attached. Miss.Code Ann. § 99-39-9(1) (Rev.2000).
¶ 12. Upon receipt of this information, the trial judge must promptly examine “[t]he original motion, together with all of the files, records, transcripts and correspondences relating to the judgment under attack.” Miss.Code Ann. § 99-39-11(1) (Rev.2000).
¶ 13. If after doing so, it appears that the movant is not entitled to any relief, the trial judge may enter an order dismissing the motion without conducting an eviden-tiary hearing. Miss.Code Ann. § 99-39-11(2) (Rev.2000). The decision to grant or deny an evidentiary hearing is within the sound discretion of the trial judge. Andrews v. State, 791 So.2d 902 (¶ 4) (Miss. Ct.App.2001). Upon a review of the record, this Court is satisfied that Porter did not produce evidence of such a weight to suggest an entitlement to relief, and that the trial court did not abuse its discretion.
¶ 14. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT DISMISSING PETITIONER’S REQUEST FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS *652 APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND BRANTLEY, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.