839 So.2d 581 (2003)
Kendrick RANKINS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01821-COA.
Court of Appeals of Mississippi.
March 11, 2003.
*582 Kendrick Rankins (Pro se), attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Kendrick Rankins appeals the denial of his motion for post-conviction relief. We affirm, finding his arguments to be without merit.

FACTS
¶ 2. On June 26, 2000, Rankins was indicted by a Wayne County grand jury for the sale of cocaine. Rankins pled guilty and was sentenced to eight years in the custody of the Mississippi Department of Corrections. He thereafter filed a motion for post-conviction relief in which he claimed he received ineffective assistance of counsel and that he entered an involuntary plea. The circuit court entered an order denying Rankins's motion. It is from this denial that Rankins now appeals.

STANDARD OF REVIEW
¶ 3. This Court in reviewing a petition for post-conviction relief "will not disturb the factual findings of the trial court unless they are determined to be clearly erroneous." Newman v. State, 820 So.2d 768, 769(¶ 3) (Miss.Ct.App.2002). We will not vacate such a finding unless after reviewing all the evidence we are "left with the firm and definite conviction that a mistake has been made." Id.

LAW AND ANALYSIS
I. DID RANKINS RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 4. Rankins argues that he received ineffective assistance of counsel. He cites four aspects of his trial counsel's performance which he claims demonstrates ineffectiveness: failed to meet with him prior to date of trial, failed to discuss with him potential defenses, failed to advise him on alternatives to pleading guilty, and failed to explain to him the consequences associated with pleading guilty. The State argues that Rankins's claims are discredited by the transcript of the sentencing hearing. Under oath Rankins indicated his satisfaction with his counsel's representation and acknowledged that he understood *583 the consequences associated with pleading guilty.
¶ 5. The standard under which counsel's performance is evaluated for effectiveness was established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which was adopted by the Mississippi Supreme Court in Gilliard v. State, 462 So.2d 710, 714 (Miss.1985). The Strickland test requires a petitioner to prove (1) deficiency of counsel's performance and (2) whether the defendant was prejudiced by counsel's performance. Strickland, 466 U.S. at 687-96, 104 S.Ct. 2052. "The burden of proving that both prongs of Strickland have been met is on the defendant who faces" a strong, yet rebuttable, presumption that "counsel's conduct falls within the broad spectrum of reasonable professional assistance." Walker v. State, 703 So.2d 266, 268(¶ 8) (Miss.1997). This Court's scrutiny of counsel's performance must be highly deferential. Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
¶ 6. Rankins argues that he never would have pleaded guilty had his attorney's assistance been effective. The Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Newsom v. State, 791 So.2d 888, 890(¶ 7) (Miss.Ct.App.2001). To satisfy the performance prong, the petitioner must prove that counsel's performance was objectively unreasonable under professional standards. Simmons v. State, 805 So.2d 452(¶ 51) (Miss.2002). This Court looks to the totality of the circumstances when determining whether counsel's acts were deficient. Newman, 820 So.2d at 770(¶ 5). The prejudice prong requires a petitioner to show that counsel's unprofessional errors were of such substantial gravity that, but for the counsel's errors, the petitioner would not have entered the plea. Bell v. State, 754 So.2d 492, 495(¶ 7) (Miss.Ct.App. 1999).
¶ 7. Rankins asserts that his attorney was ineffective because he devoted insufficient time to his case. Specifically, Rankins states that his attorney met with him only once prior to trial. The Mississippi Supreme Court has held that the fact that an attorney has conferred with his or her client only once does not establish ineffective assistance of counsel. See Harveston v. State, 597 So.2d 641, 642 (Miss. 1992) (Court rejects ineffective assistance of counsel claims where attorney conferred with defendant for only one hour and fifteen minutes prior to guilty plea).
¶ 8. In Harveston, the court stated that counsel's failure to make pretrial investigations and to spend more time with the client was "insufficient as a matter of law" absent a showing that the attorney's alleged errors resulted in a guilty plea. Id. Therefore, Rankins must provide specific acts or omissions by his attorney which would create substantial questions of fact concerning his attorney's assistance. Beall v. State, 768 So.2d 949, 951(¶ 8) (Miss.Ct.App.2000).
¶ 9. Rankins asserts that his attorney failed to discuss with him potential defenses including the defense that he was mentally incompetent. Rankins submitted no proof that he was mentally incompetent; therefore, we must conclude that his attorney's representation was not defective. See Young v. State, 831 So.2d 585, 589(¶ 17) (Miss.Ct.App.2002).
¶ 10. Rankins contends that his attorney failed to discuss with him the alternatives to pleading guilty. He also asserts that his attorney failed to inform him of the implications associated with pleading guilty. Besides Rankins's bald assertions of ineffective assistance, he offers no proof to support his allegations. *584 The sentencing hearing transcript indicates that Rankins understood the implications associated with pleading guilty and that he was satisfied with his attorney's representation. Therefore, Rankins has failed to meet the first prong of the Strickland test by proving that counsel's representation was in any way deficient.
II. WAS RANKINS'S PLEA MADE INVOLUNTARILY UNKNOWINGLY AND UNINTELLIGENTLY?
¶ 11. Rankins argues that his plea was not voluntarily or intelligently made because he was coerced by his counsel. Specifically, Rankins asserts his counsel induced him to plead guilty by telling him that if he did not take the plea bargain of eight years he could get the maximum sentence of thirty years.
¶ 12. "A plea is deemed voluntary and intelligent only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." Newman, 820 So.2d at 771(¶ 7). The petitioner must prove by a preponderance of the evidence that his plea was involuntarily entered. Id.
¶ 13. In regard to Rankins's impression that his attorney wrongly persuaded him to plead guilty, we find no suggestion that his attorney threatened or provided improper inducements. It is obvious that Rankins's attorney gave him only advice as to what the situation could entail if he did not plead. Advising a client of the possibility of receiving the maximum sentence if the case goes to trial is not a form of coercion. Brasington v. State, 760 So.2d 18, 26(¶ 38) (Miss.Ct.App. 2000).
¶ 14. Furthermore, a review of the transcript from the sentencing hearing reveals that Rankins's plea was voluntarily and intelligently made. He responded that he understood the maximum and minimum sentencing and fining requirements associated with his crime. He also affirmed that his attorney had not pressured him into making the plea and that he entered his plea voluntarily.
¶ 15. Accordingly, this issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.