921 So.2d 400 (2006)
Billy C. WILCHER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01631-COA.
Court of Appeals of Mississippi.
February 14, 2006.
Billy C. Wilcher, Appellant, pro se.
*401 Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
KING, C.J., for the Court.
¶ 1. On August 22, 2000, Billy C. Wilcher pled guilty in the Lincoln County Circuit Court to manslaughter and aggravated assault. Wilcher was sentenced to a term of twenty-eight years with twenty-five years to serve in the custody of the Mississippi Department of Corrections followed by three years of post-release supervision. On October 16, 2002, Wilcher filed a petition for post-conviction relief on the grounds that his plea was involuntarily given due to threats made by his attorney, Joseph A. Fernald. Attached to his petition Wilcher submitted identical affidavits from three family members which declared that Wilcher would not have plead guilty but for counsel telling Wilcher and his family that the only way he could avoid receiving a forty-five year sentence was to plead guilty. Fernald subsequently submitted an affidavit detailing the events leading up to Wilcher's guilty plea. Fernald revealed that on the day the State offered Wilcher a plea, Fernald met with Wilcher and his family to discuss the option of pleading guilty. Fernald stated that he left the room while Wilcher and several family members discussed Wilcher's options. Fernald was later called back into the room where he was told that Wilcher would plead guilty to manslaughter and aggravated assault rather than face the possibility of being convicted of murder and aggravated assault.
¶ 2. An evidentiary hearing was held on July 26, 2004. The following day the judge denied Wilcher's petition for post-conviction relief. Wilcher appeals his denial of post-conviction relief to this Court raising the following issues,

I. Whether Appellant's plea was voluntarily made

II. Whether Appellant received ineffective assistance of counsel
Finding no error, we affirm.

ANALYSIS

1. Voluntariness of plea
¶ 3. In reviewing a denial of post-conviction relief, this Court will not disturb the trial court's factual findings unless they are proven to be clearly erroneous. Rankins v. State, 839 So.2d 581, 582(¶ 3) (Miss.Ct.App.2003) (citing Newman v. State, 820 So.2d 768, 769(¶ 3) (Miss.Ct.App. 2002)). This Court also employs the clearly erroneous standard in determining whether an appellant's plea was voluntarily given. Stevenson v. State, 798 So.2d 599, 602(¶ 7) (Miss.Ct.App.2001) (citing Schmitt v. State, 560 So.2d 148, 151 (Miss.1990)). "The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence." Id.
¶ 4. Wilcher argues that his plea was involuntary because it was induced by fear when his attorney threatened him that unless he pled guilty he would receive a forty-five year sentence. As the trier of fact, the judge was charged with weighing Wilcher's version of the events leading up to his guilty plea against Fernald's version. In support of Wilcher's version, the judge had three identical affidavits submitted by family members which stated that Fernald told Wilcher "the only way to keep from getting a forty-five year sentence was to *402 plead guilty." In support of Fernald's version, the judge had Fernald's detailed affidavit and a "Know Your Rights Before Pleading" form signed by Wilcher.[1] Among other things, the form informed Wilcher that he had a right to a trial by jury, the right to not give any incriminating information, and the right to have the State prove his guilt beyond a reasonable doubt. Wilcher indicated on the form that he understood his rights and that no one had threatened him to plead guilty. He further indicated that he was pleading guilty for no other reason than he was guilty of the charged offenses.
¶ 5. "Where the decision of the trial court is supported by substantial credible evidence, this Court is obligated to affirm." Hentz v. State, 852 So.2d 70, 74(¶ 12) (Miss.Ct.App.2003) (citing Price v. State, 752 So.2d 1070(¶ 9) (Miss.Ct.App.1999)). We find that the trial court's determination that Wilcher's plea was voluntarily given was supported by substantial, credible evidence. Therefore, we are obligated to affirm the decision of the trial court.

2. Ineffective assistance of counsel
¶ 6. Wilcher's claim of ineffective assistance of counsel is based on his argument that Fernald essentially forced him to plead guilty. Since we have found Wilcher's involuntary plea argument to be without merit, his ineffective assistance claim must also fail.
¶ 7. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Presumably, the trial court also had the transcript of the plea hearing to consider. However, the transcript was not submitted to this Court for review.