# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00915-COA

**EDDRICK KING A/K/A EDDRICK LEPATRICK**  **APPELLANT**
**KING A/K/A PATRICK KING**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/2016 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDDRICK KING (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/24/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Eddrick King appeals the Leflore County Circuit Court's dismissal of his petition for postconviction relief (PCR). On appeal, King asserts that his guilty plea to armed robbery was not knowingly, voluntarily, and intelligently made and that his counsel was ineffective. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On March 22, 2004, a Leflore County grand jury indicted Eddrick King and Tywanda Jackson for capital murder and kidnapping. The trial court appointed Ray Charles Carter from the Office of Capital Defense to represent King. Thereafter, King waived indictment and entered guilty pleas to the charges of manslaughter, armed robbery, and kidnapping.

Pursuant to the plea deal, King was sentenced to twenty years for manslaughter, thirty years for armed robbery, and five years for kidnapping. The sentences for manslaughter and armed robbery were ordered to run concurrently, and the sentence for kidnapping was ordered to run consecutively to the sentences in the first two counts.

¶3. On January 7, 2016, King filed his PCR petition, arguing that his guilty plea to armed robbery was not knowingly, voluntarily, and intelligently made. In his petition, King claimed that he was reluctant to plead guilty to armed robbery, since he was actually innocent of the crime. However, King asserts that his attorney induced him to plead guilty by "promising" him that he would be eligible for parole after serving ten years of his thirty-year sentence. King attached supporting affidavits from his mother, Elizabeth Fair, and sister, Cassandra Fair. Both affidavits stated that King was told that he would become eligible for parole after serving ten years of his sentence.

¶4. On April 19, 2016, the trial court held an evidentiary hearing, and King, Elizabeth, and Carter testified. Neither the written transcript nor the audio recording of the guilty pleas was available. Carter testified that he represented King as an attorney employed by Mississippi Capital Defense. According to Carter, he never makes statements to his clients about their parole eligibility. Carter also testified that he did not recall King's mother being present when Carter discussed the guilty pleas with King and could not remember her being available a single time when he spoke with King. Carter testified that he had no reason to believe that King was incompetent at the moment that King agreed to the plea.

¶5. After Carter's testimony, Elizabeth testified that during King's plea deal she heard

2

Carter tell King that he had to serve ten years or less. Elizabeth testified that she spoke with King regarding his plea, and he reiterated that he had to serve ten years of his sentence or less. When asked if King was content with the plea, Elizabeth stated that she did not think King was satisfied.

¶6. King testified that he asked Carter questions about the plea because he was considering going to trial to prove his innocence, but Carter advised against a trial. King testified that he was induced to take a plea by Carter's promise that he would be released in ten years, with good behavior. King testified that he wanted to go to trial on the armed-robbery charge, because he was actually innocent of the charge.

¶7. When asked if he remembered being informed about parole, probation, good time, or trusty time, King testified that he did not recall. King testified that he only remembered Carter's promise that he would only serve ten years. King was questioned about his legal representation prior to Carter being assigned his case. King admitted that he fired two attorneys prior to Carter because he was dissatisfied with their representation. Nevertheless, King testified that he was also dissatisfied with Carter's representation when he accepted the plea agreement.

¶8. On June 2, 2016, the trial court denied King's PCR petition. The trial court found Carter's testimony to be more compelling than King's testimony and evidence. The trial judge found Carter's advice allowed King to make an informed and conscious decision not to be tried for capital murder and kidnapping to avert a death sentence. It is from that order that King appeals.

**STANDARD OF REVIEW**

¶9. We review the dismissal or denial of a PCR petition for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012) (citing *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)). When reviewing questions of law, our standard is de novo. *Id.* (citing *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)). "The trial court may summarily dismiss a PCR motion where it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011) (citation and quotation marks omitted). "That includes deference to the [trial court] as the sole authority for determining credibility of the witnesses." *Jackson v. State*, 192 So. 3d 1143, 1145 (¶10) (Miss. Ct. App. 2016). "This [C]ourt will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Hughes*, 106 So. 3d at 839 (¶4) (citation and quotation marks omitted).

**DISCUSSION**

*I.     Whether King's guilty plea to armed robbery was involuntarily entered.*

¶10. King argues that his guilty plea to armed robbery was not voluntarily and intelligently made. He contends that Carter persuaded him to enter a guilty plea to armed robbery because of the promise that he would be paroled in ten years. However, King's sentence for armed robbery is not parole eligible. Miss. Code Ann. § 47-7-3(c)(ii) (Supp. 2016).

¶11. "When reviewing the voluntariness of guilty pleas, an appellate court 'will not set

4

aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.'" *Vaughn v. State*, 85 So. 3d 907, 910 (¶8) (Miss. Ct. App. 2012) (quoting *Walton v. State*, 16 So. 3d 66, 70 (¶8) (Miss. Ct. App. 2009)). "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Id.* (citing *Burrough v. State*, 9 So. 3d 368, 373 (¶11) (Miss. 2009)).

¶12.    In King's plea petition, his constitutional rights were listed and the nature and consequences of his plea were stated. King signed this petition, though he now contends on appeal that he did not understand the maximum and minimum amounts of time his pleas carried because he believed he was parole eligible. King argues that the trial court never discussed his constitutional rights, the State's burden of proof, or any defenses his trial counsel might have asserted. However, during his evidentiary hearing, King stated that he could not recall what the trial judge stated to him.

¶13.    "This Court has held that 'because parole is a matter of legislative grace, parole eligibility or noneligibility is not considered a 'consequence' of a guilty plea.'" *Mosley v. State*, 150 So. 3d 127, 136 (¶29) (Miss. Ct. App. 2014) (quoting *Thomas v. State*, 881 So. 2d 912, 916 (¶10) (Miss. Ct. App. 2004)). Thus, "it is not a prerequisite to a voluntary plea that the defendant understand the nature of parole, his eligibility for parole, and the circumstances under which it may be granted." *Id.* at 136-37 (¶29). "On the other hand, a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation." *Id.* at 137 (¶29).

5

¶14.	In determining whether King's plea was voluntarily given, the trial judge found that King understood the charges that were brought against him, the consequences of his pleas, and the possible sentences. The judge also noted that King's plea petition acknowledged that he was not eligible for parole, and King signed that petition. As a result, the trial court found that King failed to prove by a preponderance of the evidence that his plea was involuntary. We find that the trial court did not abuse its discretion.

>	II.	*Whether King received ineffective assistance of counsel.*

¶15.	King also argues that he received ineffective assistance of counsel because of the alleged erroneous advice Carter provided during the plea agreement. King contends that Carter was not prepared for trial. King argues that Carter did not file discovery motions, did not discuss possible defense strategies, and did not investigate witnesses. King asserts that he was actually innocent of the crimes, but Carter persuaded him to plead guilty.

¶16.	"A claim of ineffective assistance of counsel is judged by the standard in *Strickland v. Washington*, 466 U. S. 668 (1984)." *Finley v. State*, 739 So. 2d 425, 427 (¶5) (Miss. Ct. App. 1999). "The two inquiries under that standard are (1) whether counsel's performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined." *Id.* "This standard is also applicable to the entry of a guilty plea." *Id.* (citing *Roland v. State*, 666 So. 2d 747, 750 (Miss. 1995)). "The burden of proving that both prongs of *Strickland* have been met is on the defendant[,] who faces a rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." *Walker*

6

*v. State*, 703 So. 2d 266, 268 (¶8) (Miss. 1997).

¶17.    The trial judge found Carter's representation to be within the range of competence demanded by attorneys.  The court found that Carter's advice afforded King with the opportunity to avoid the death penalty.  The trial court also found Carter's testimony, that he does not give or make promises regarding parole or early release, more credible than that of King and his mother.  Under *Strickland*, King has not shown that Carter's representation was deficient or that any alleged deficiencies resulted in prejudice to King.  Accordingly, this issue is without merit.

¶18.    **AFFIRMED**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.  TINDELL, J., NOT PARTICIPATING.**