KING, J.,
for the Court:
¶ 1. Jerry L. Grass was convicted of the sale of cocaine and sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Grass has appealed and assigned two errors. This Court quotes the following errors verbatim:
I. THE COURT ERRED BY NOT DIRECTING A VERDICT FOR THE APPELLANT, AND FURTHER THAT THE VERDICT WAS AGAINST THE *430 OVERWHELMING WEIGHT OF THE EVIDENCE.
II. THE COURT ERRED IN ALLOWING THE OPINION TESTIMONY OF THE STATE’S EXPERT WITNESS.

FACTS

¶ 2. On May 14, 1997, Agents L.C. Cheeks and Stanley Wash of the Mississippi Bureau of Narcotics and a confidential informant were present at a “pre-buy” meeting in Newton County, Mississippi. At this meeting, the agents and the confidential informant designed a plan that involved entering the community to purchase illegally controlled substances from suspected drug violators. Equipped with a body wire transmitter, Agent Cheeks would act as an undercover buyer of drugs. To establish familiarity with prospective drug violators, the confidential informant would ride with Agent Cheeks while searching for prospects. Agent Wash would conduct surveillance of the drug transactions.
¶ 3. Later this day, while driving throughout Newton, Agent Cheeks and the confidential informant made contact with Grass. Grass invited both men to his place of residence. Agent Wash followed them and established a surveillance position approximately a block and a half from Grass’s residence.
¶ 4. Upon entering the residence, Grass instructed the two men to go into a room. While in the room, Grass opened a clear bag which contained rock cocaine. He handed Agent Cheeks four rocks of cocaine and stated that the cocaine was “good dope”. Agent Cheeks handed Grass sixty dollars in exchange for the cocaine. At this point, Agent Cheeks and the confidential informant departed Grass’s residence with the crack cocaine.
¶ 5. Agent Cheeks relinquished the crack cocaine to Agent Wash at a post-buy meeting. Agent Wash placed the cocaine into an evidence bag and both agents placed their initials on the bag. Agent Wash later submitted the bag with its contents to the Mississippi Crime Laboratory for analysis.
¶ 6. Jamie Naron, a forensic scientist employed by the Mississippi Crime Laboratory, conducted analysis on the substance contained in the evidence bag. After conducting several tests, she determined that it was crack cocaine.
¶ 7. Grass was subsequently indicted for the sale of cocaine. He denied having ever met or sold cocaine to Agent Cheeks. A trial was held, and the jury convicted Grass. His motion for judgment notwithstanding the verdict and new trial was denied. Grass now appeals his conviction and sentence.
DISCUSSION

Sufficiency of the Evidence

¶ 8. Grass questions the sufficiency of the evidence and contends that his motion for judgment notwithstanding the verdict should have been granted.

Standard of Review

¶ 9. “In appeals from an overruled motion for judgment notwithstanding the verdict, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” McClain v. State, 625 So.2d 774, 778 (Miss.1993) (citations omitted).
*431 Law and Analysis
¶ 10. After careful review of the record, this Court finds that the jurors could have found Grass guilty of the sale of cocaine based on the evidence. Agent Cheeks testified that Grass sold him four rocks of cocaine. Agent Wash heard Grass offer to sell cocaine to Agent Cheeks. Considering this testimony in the light most favorable to the State and giving the prosecution the benefit of all favorable inferences that may be reasonably drawn from the evidence, this Court does not find that the trial court erred in failing to grant a judgment notwithstanding the verdict.

Weight of the Evidence

¶ 11. Grass contends that the evidence in the ease at bar is against the overwhelming weight of the evidence and therefore, he should have been granted a new trial.

Standard of Revieiu

¶ 12. “In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial.” Isaac v. State, 645 So.2d 903, 907 (Miss.1994).

Laiv and Analysis

¶ 13. This Court finds that the following testimony supports the verdict of guilty:
(1) Agent Cheeks testified that he gave Grass sixty dollars in exchange for four rocks of cocaine.
(2) Agent Wash testified that he heard a conversation between Agent Cheeks and Grass. In this conversation, Grass indicated that he was giving Agent Cheeks some cocaine and that the cocaine was of good quality.
(3) Ms. Naron determined that the drugs which were once in Grass’s possession were indeed cocaine.
Accepting as true the previous evidence, this Court does not find that the trial judge erred in failing to grant a new trial.

Expert Opinion Testimony

¶ 14. Grass contends that Jamie Naron of the Mississippi Crime Laboratory was not qualified to testify as an expert because she had only reached the Forensic Scientist 1 level and her work required supervision.

Law

¶ 15. “[T]he decision of whether or not an expert witness is qualified to testify is within the trial court’s discretion. The test is whether a witness ‘possesses peculiar knowledge or information regarding the relevant subject matter which is not likely to be possessed by a layman’. To testify as an expert a witness need not be infallible, or possess the highest degree of skill, it being generally sufficient that he possess peculiar knowledge respecting matter involved not likely to be possessed by the ordinary layman. Finally, a judge’s determination that a witness is qualified to testify as an expert ‘will not be reversed unless it clearly appears that the witness was not qualified’.” McNeal v. State, 617 So.2d 999, 1007-8 (Miss.1993) (citations omitted).

Analysis

¶ 16. The use of testimony by experts is governed by Mississippi Rule of Evidence 702. This rule states that if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
¶ 17. The record reveals that Ms. Naron earned a bachelor of science degree in biology and worked as an organic chemist for an environmental testing laboratory, a laboratory supervisor for an industrial waste water treatment facility, and a toxicologist where she tested human body *432 fluids for the presence of drug abuse. Upon being employed by the Mississippi Crime Laboratory as a forensic scientist in the field of drug identification, she reviewed numerous articles and books on forensic science, drug chemistry, and drug analysis, and completed a forty hour course with the Drug Enforcement Agency. Ms. Naron had also previously testified and been accepted as an expert throughout courts in the state of Mississippi.
¶ 18. In accordance with M.R.E. 702, Ms. Naron’s education and experience as well as her extensive testimony regarding the three types of testing she conducted on the cocaine revealed her familiarity with drug analysis and its procedures and her qualification to render an expert opinion. This Court does not find that the trial court abused its discretion in allowing her testimony.
¶ 19. Finding no error in the instant case, we affirm the circuit court judgment.
¶ 20. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND $2,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.