757 So.2d 1088 (2000)
Cedric HOLT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CP-01401-COA.
Court of Appeals of Mississippi.
May 9, 2000.
Cedric Holt, Appellant, pro se.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
PAYNE, J., for the Court:

PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This case is before the Court on appeal from the judgment of the Grenada County Circuit Court denying Holt's petition for post-conviction relief. Aggrieved, Holt perfected this appeal, raising the following issues:[1]
I. WHETHER HOLT'S SENTENCE WAS EXCESSIVE.
II. ERRED IN REVOKING ONE HUNDRED TWENTY DAYS OF EARNED TIME CREDIT FOR THE FILING OF A FRIVOLOUS PETITION FOR POST-CONVICTION RELIEF.
After reviewing the record, we find no error in the trial court's judgment. Accordingly, we affirm.

FACTS
¶ 2. On January 25, 1996, the Grenada County Grand Jury returned a one count indictment against Holt for the capital *1089 murder of Velma Bridges. On January 29, 1997, Holt, represented by counsel,[2] entered a plea of guilty to a reduced charge of manslaughter. The trial court sentenced Holt to a term of twenty years in the custody of the Mississippi Department of Corrections.
¶ 3. Holt filed a motion for post-conviction relief on January 22, 1998 raising nine issues for the trial court's consideration. The petition was denied on March 18, 1998. Holt then filed the present petition seeking a reduction in sentence claiming that his sentence constituted cruel and unusual punishment. This present petition was procedurally barred by the trial court based on the prohibition against filing successive petitions for post-conviction relief. See Miss.Code Ann. § 99-39-27(9) (Rev. 1994). We note that in the trial court's March 18, 1998 order denying Holt's requested relief, the trial court also denied any reduction or modification in sentence. The trial court further found that Holt's request for a sentence modification was frivolous and ordered that a certified copy of the trial court dismissal of Holt's petition be sent to the Mississippi Department of Corrections for action pursuant to Miss. Code Ann. § 47-5-138 (1972), as amended.
¶ 4. However, despite the procedural bar, the trial court addressed Holt's petition for a reduction in sentence on the merits in the present petition and again denied Holt's requested relief. The trial judge, again, ordered that a certified copy of the trial court dismissal of Holt's petition be sent to the Mississippi Department of Corrections for action pursuant to Miss. Code Ann. § 47-5-138 (1972), as amended. Holt challenges this aspect of the trial court's order as well.
¶ 5. On reviewing the record and court papers below, we are unmoved by Holt's arguments. Accordingly, we affirm the trial court's denial of relief.

ANALYSIS AND DISCUSSION

I. WHETHER HOLT'S SENTENCE WAS EXCESSIVE.
¶ 6. In the petition below, Holt challenged the length of his sentence for his conviction of manslaughter. Holt maintains that he was entitled to a proportionality analysis under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Since no such analysis was undertaken, Holt contends his twenty year sentence is, per se, cruel and unusual punishment under the Eighth Amendment of the United States Constitution.
¶ 7. The rule promulgated by the Mississippi Supreme Court holds that no sentence that is within the statutory limits will be held to be per se cruel and unusual' punishment, absent some viable constitutional challenge to the statute under which the sentence was imposed. Jackson v. State, 740 So.2d 832 (¶¶ 13-15) (Miss.1999). The United States Supreme Court in Solem did, as Holt alludes, hold that the Eighth Amendment forbids prison sentences that are "disproportionate to the crime committed." Solem at 284, 103 S.Ct. 3001. However, equally important in Solem was the settled recognition that "[r]eviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is per se constitutional." Id. at 290, 103 S.Ct. 3001 (footnote omitted). Further, the Solem decision provided guiding factors for trial courts to use in imposing sentences: 1) the gravity of the offense and the harshness of the penalty, 2) intra-jurisdictional comparisons with other convicted felons similarly situated, and 3) inter-jurisdictional *1090 comparisons with other convicted felons similarly situated. Id. at 292, 103 S.Ct. 3001.
¶ 8. However, Solem was not the final word, as subsequent to that decision, both the United States and Mississippi Supreme Courts have spoken to sentence proportionality. First, in Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the United States Supreme Court overruled the general proposition announced in Solem that all sentences are subject to proportionality analysis; an inference of gross disproportionality must appear from a threshold comparison of the crime and sentence in order for Solem to apply. Id. at 1019, 111 S.Ct. 2680. Further, in Hoops v. State, 681 So.2d 521 (Miss.1996), the Mississippi Supreme Court acknowledged the Harmelin limitation on Solem.
¶ 9. Turning to Holt's sentence, we find that a threshold comparison of the crime to which Holt admitted his guilt in the form of a guilty plea, manslaughter, to the twenty year sentence imposed by the trial court, does not give rise to an inference of gross disproportionality. Thus, a proportionality analysis under Solem is not necessary. Moreover, we need not proceed under our State precedent in Jackson since the sentence was not imposed outside the statutory guidelines nor has there been a viable constitutional challenge raised against the manslaughter statute. Accordingly, we find the trial court was correct in denying Holt's request for relief from his sentence.

II. WHETHER THE CIRCUIT COURT ERRED IN REVOKING ONE HUNDRED TWENTY DAYS OF EARNED TIME CREDIT FOR THE FILING OF A FRIVOLOUS PETITION FOR POST-CONVICTION RELIEF.
¶ 10. Holt next challenges the trial court's order that this dismissal be sent to the Mississippi Department of Corrections for statutory sanctions against him for the filing of a frivolous petition. The trial judge acted in this regard pursuant to Miss.Code Ann. § 47-5-138(3)(a) and § 47-5-138(3)(b)(i-iii) (Supp.1999) which provide:
(3)(a)For the purposes of this subsection, "final order" means an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted. (b) On receipt of a final order, the department shall forfeit: (i) Sixty (60) days of an inmate's accrued earned time if the department has received one (1) final order as defined herein; (ii) One hundred twenty (120) days of an inmate's accrued earned time if the department has received two (2) final orders as defined herein; (iii) One hundred eighty (180) days of an inmate's accrued earned time if the department has received three (3) or more final orders as defined herein
Based on this statutory provision, the trial court acted within appropriate boundaries when ordering that a certified copy of the final order dismissing Holt's petition as frivolous be forwarded to the Mississippi Department of Corrections for action under Miss.Code Ann. § 47-5-138(3)(b)(i-iii) (Supp.1999). Holt had previously petitioned the trial court for relief from sentence and other relief, and the same was deemed frivolous in the March 18, 1998 order. Holt then filed this second petition with knowledge that his first petition had been deemed frivolous.
¶ 11. Contrary to Holt's assertion, nothing in this earned time forfeiture provision prevents pro se inmates from seeking relief. The purpose of the statute is to reduce frivolous filings on the part of all those incarcerated individuals, whether literate or illiterate, pro se or represented by counsel. This assignment of error is without merit.
¶ 12. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF *1091 IS AFFIRMED. A CERTIFIED COPY OF THIS ORDER SHALL BE ISSUED TO THE MISSISSIPPI DEPARTMENT OF CORRECTIONS FOR APPROPRIATE SANCTIONS PURSUANT TO MISS. CODE ANN. § 47-5-138 (1972), AS AMENDED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST GRENADA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, AND THOMAS, JJ., CONCUR.
IRVING, J., NOT PARTICIPATING.
NOTES
[1] Holt also challenges the denial of his right to a speedy trial and a general argument about having been denied due process of law. We do not address these issues here because Holt did not argue these points with regard to his sentence. This appeal is based on Holt's prayer to the trial court for a reduction of sentence and the trial court's levy of sanctions against Holt for filing a frivolous petition. Apparently, Holt did not challenge the trial court's denial of his initial petition for post-conviction relief. If Holt did, he makes no reference of the same in his pleadings in this appeal. We decline to consider here issues not pertinent to Holt's challenge of his sentence and the trial court's sanctions levied against him.
[2] We note that Holt's attorney in the trial court at the time he entered his plea of guilty, the Honorable Tyree Irving, is now a member of this Court. The reader should note that Judge Irving took no part in the consideration of or disposition of this matter. See Canon 3(C) of the Mississippi Code of Judicial Conduct.