768 So.2d 949 (2000)
Cody BEALL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01187-COA.
Court of Appeals of Mississippi.
October 3, 2000.
*950 Cody Beall, Appellant, pro se.
Office of the Attorney General by Wayne Snuggs, Attorney for Appellee.
BEFORE KING, P.J., LEE, AND MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Cody Beall appeals the denial of his motion for post-conviction relief. We affirm, finding his arguments to be without merit.

FACTS
¶ 2. On January 12, 1996, Beall was indicted by the Pearl River County grand jury for burglary and grand larceny. Both charges were for offenses committed against the property of Theo Holston. During the plea colloquy the circuit court informed Beall that there were no minimum sentences and informed him of the maximum sentences and fines allowed by law. Beall acknowledged that he understood. The plea transcript reveals that the circuit judge also advised Beall of his rights and Beall stated that he understood the rights he waived by pleading guilty. Beall did not ask the trial judge any questions concerning this matter and stated that he was not threatened or intimidated in any way into pleading guilty. The court asked Beall if he was satisfied with the services of his counsel, and he admitted *951 that he was satisfied with the services rendered to him.
¶ 3. The second indictment returned against Beall for burglary alleged that Beall broke into a trailer belonging to Holston. During the plea colloquy, the circuit judge asked Beall about his breaking into the trailer. Beall replied that the door was standing open. After an off-the-record discussion, the prosecution stated that after talking with Beall's attorney and talking with Beall, the State decided to, by agreement with the parties, amend the charge of burglary to grand larceny. Thereafter, the State set forth the items that were taken from within the trailer to establish that the worth of the items was above the statutory limit of $250. The circuit judge asked Beall if he understood the reduction in the charge from burglary to grand larceny. Beall replied that he understood.
¶ 4. Beall admitted to having committed the offenses and admitted to having made several trips to the property to take all the items alleged in the indictments. At a separate hearing, the circuit court sentenced Beall to five and three years consecutively on the two charges. On May 19, 1999, Beall filed a motion to vacate his conviction of sentence, alleging ineffective assistance of counsel and a defective indictment. The circuit court denied Beall's motion. Beall appeals to this Court alleging ineffective assistance of counsel, a defective indictment because it subjected him to double jeopardy, and that his plea was not intelligently and voluntarily given or made.

ANALYSIS
¶ 5. Beall assigns three errors on appeal. He designates the matter of his plea being involuntary for the first time in this appeal. We will only address those issues which the trial court was given the opportunity to consider as this other has not been properly preserved for our review. Berdin v. State, 648 So.2d 73, 80 (Miss. 1994).
¶ 6. Preserved for review is Beall's assertion that his counsel was ineffective. He cites numerous reasons why this was so. These reasons include: counsel failing to file a motion to suppress statements he made after his arrest; failing to file a motion to quash the indictment because it failed to correctly charge the offense; failing to file a motion to join the two indictments, as the offense was based on the same act; failing to tell Beall that the court would run the two charges concurrently rather than consecutively; and failing to review late discovery material to scrutinize the sufficiency of the prosecution's case.
¶ 7. To prevail on the issue of whether his counsel's performance was ineffective, Beall is required to show that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994).
¶ 8. Beall "must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Finley v. State, 739 So.2d 425 (¶ 8) (Miss.Ct. App.1999) (quoting Ford v. State, 708 So.2d 73, 75 (Miss.1998)). "To merit an evidentiary hearing on the issue of ineffective assistance of counsel, a defendant's allegations of counsel's performance must raise `sufficient questions of fact on the issue of ineffective assistance of counsel.'" Finley, 739 So.2d 428 (¶ 10) (quoting Roland *952 v. State, 666 So.2d 747, 750 (Miss. 1995)).
¶ 9. Beall argues that his attorney was deficient for the enumerated reasons above. Other than the bold allegations themselves, Beall fails to elaborate beyond one sentence assertions how counsel's performance was deficient. A defendant "must prove that, under the totality of the circumstances, prejudice resulted from a deficiency in [trial] counsel's performance." Earley v. State, 595 So.2d 430, 433 (Miss. 1992). In addition, such deficiencies must be presented with specificity and detail. Perkins v. State, 487 So.2d 791, 793 (Miss. 1986). Beall fails to provide any facts or arguments to support this claim; he merely made sweeping allegations. Having failed this standard, we will not address this argument further.
¶ 10. Also preserved for review is Beall's argument that because the two offenses for which he was indicted contain the same elements, double jeopardy bars prosecution for both. Beall indicated that it took more than one trip for him to remove all the items he placed in his car. He argues his multiple trips to and from Holston's property were part of only one criminal act, it merely took several days to complete.
¶ 11. Beall pled guilty to two separate charges of grand larceny, the theft of items and personal possessions from the yard and property surrounding a trailer owned by Holston, and the theft of items from within the trailer owned by Holston. Beall admitted that he took items from the grounds outside the trailer which included a boat, camper top for a small truck, assorted lengths of scrap metal, barbeque gas grill, Ford transmission C-6, and a tool box. From within the trailer Beall took at least nine firearms.
¶ 12. During the plea discussion, Beall admitted twice that he made more than one trip to the Holston property, as he would have to due to the amount and size of items taken from the Holston property. On the record Beall stated, "It was all during the process of a couple of days...."
¶ 13. The testimony adduced at the plea colloquy proved that the subject incidents occurred at different times, over the process of several days, and arose from separate acts, items being taken from outside the trailer and being taken from within the trailer. "Separate acts, though committed close in point of time to one another, may constitute separate criminal offenses." McCaleb v. State, 743 So.2d 409 (¶ 16) (Miss.Ct.App.1999) (citing Clemons v. State, 482 So.2d 1102, 1106 (Miss.1985)). The circuit judge correctly found that the assertions in Beall's petition failed to rise to the level necessary to warrant an evidentiary hearing.
¶ 14. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. McMILLIN, C.J., NOT PARTICIPATING.