812 So.2d 256 (2002)
Robert BOHREER a/k/a John Robert Bohreer, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00693-COA.
Court of Appeals of Mississippi.
March 19, 2002.
*257 Robert Bohreer, pro se.
Office of the Attorney General, by W. Glenn Watts, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.

PROCEDURAL HISTORY AND STATEMENT OF THE FACTS
BRIDGES, J., for the Court.
¶ 1. Robert Bohreer, also known as John Robert Bohreer, was indicted on November 24, 1997, by the Grand Jury of Adams County for the charge of arson of personal property in violation of Mississippi Code Annotated section 97-17-7 (Rev.2000). On April 3, 1998, Bohreer pled guilty to such charge before the Honorable Forrest A. Johnson. Based upon the petition of Bohreer, the inquiry by the court, and also upon the personal observations by the court of the defendant's demeanor, appearance and manner in answering the court's questions, the court found that Bohreer was competent to understand the nature of the charge, the nature and consequences of the guilty plea, the maximum and minimum penalties provided by law, and the constitutional rights he was waiving. The court accepted Bohreer's guilty plea, finding it was voluntarily and intelligently made and that there was a factual basis for the plea.
¶ 2. Bohreer was sentenced to serve a term of three years in the Mississippi Department of Corrections, with said sentence suspended, and he was placed on probation for a period of five years. The court further ordered that Bohreer pay restitution to the victim in the amount of $5,158 plus all court costs, including any attorney's fees, and ordered, as a special condition of probation, that Bohreer successfully attend the restitution center.
¶ 3. Bohreer failed to report to the restitution center so the trial court revoked his probation. Further the trial court found that Bohreer fled the jurisdiction and became a fugitive from justice. Bohreer remained a fugitive from justice until he was apprehended in the State of California and placed in the custody of the sheriff of Adams County on December 18, 1998. The revocation order was signed on December 29, 1998, ordering Bohreer to serve the original sentence of three years in the custody of the Mississippi Department of Corrections.
¶ 4. Bohreer argues that there were problems out of his control causing his initial failure to appear. He further argues that these problems were resolved and therefore his probation should never have been revoked. Bohreer states that he did not receive an appointment letter from his probation officer until after the appointment date had passed. Illustrated by the postmark, the letter from the officer was sent out of the Jackson post office on May 20, 1998. The back of the envelope had an additional postmark dated May *258 28, 1998, out of Washington D.C. Bohreer claims when he finally received the letter in June, after his scheduled appointment, he immediately contacted his attorney who advised him to contact his probation officer the very next day. Bohreer's attorney also contacted the probation officer to attempt to resolve any violations of probation on behalf of Bohreer. According to the attorney's affidavit, all problems were resolved after a copy of the letter and envelope showing the two postmarks were given to the probation officer. The affidavit swearing to this information was not made a part of the official file and was presented only to this Court as an exhibit "to verify facts, in brief, not in record."
¶ 5. Bohreer filed his motion for post-conviction relief in the Circuit Court of Adams County on December 8, 2000. This motion was dismissed by Judge Johnson on January 4, 2001, citing that the motion plainly appeared from its face that Bohreer was not entitled to any relief.
¶ 6. Aggrieved, Bohreer perfected his appeal and comes to this Court citing four issues for review, which we restate verbatim:
1. WHETHER THE CIRCUIT COURT ERRED IN NOT PROVIDING NOTICE OF PROBATION REVOCATION PROCEEDINGS TO APPELLANT OR APPELLANT'S ATTORNEY;
2. WHETHER THE CIRCUIT COURT ERRED IN NOT ALLOWING APPELLANT TO ATTEND REVOCATION HEARING;
3. WHETHER THE CIRCUIT COURT ERRED IN NOT PROVIDING WRITTEN FINDINGS TO APPELLANT OF REVOCATION HEARING; AND
4. WHETHER LAW ENFORCEMENT OFFICERS VIOLATED APPELLANT'S PROCEDURAL DUE PROCESS, BY NOT SERVING WARRANT OR OTHER PAPERS SUCH AS A WRITTEN STATEMENT ALLEGING MISCONDUCT, UPON ARREST.

LEGAL ANALYSIS
¶ 7. Bohreer was taken into custody on December 18, 1998. The sentencing order was signed on December 29, 1998. The sentence was for three years in prison. Therefore, according to our calculations, Bohreer was to be released on either December 18, 2001 or December 29, 2001. The sentencing order does not specify the beginning date of the sentence. Regardless, Bohreer was, on the face of the record before us, scheduled to be released from prison on this sentence by the end of 2001. This point is not addressed in the State's brief.
¶ 8. The post-conviction statute clearly reads that "[a]ny prisoner in custody under sentence of a court of record...." Miss.Code Ann. § 99-39-5(1) (Rev.2000). Bohreer was a prisoner at the time of filing; however, at the time of our consideration, his sentence of incarceration would appear to have been served. If that is the case, then Bohreer now presents a moot point which cannot be heard. McDaniel v. Hurt, 88 Miss. 769, 769, 41 So. 381, 381 (1906).
¶ 9. However, in the absence of absolute proof that Bohreer has served his entire sentence, we consider it appropriate to address his claims before this Court on the merits and find his arguments to be lacking. The official record is very limited. Bohreer's original motion for post-conviction relief in the lower court does not have any affidavits attached. The Mississippi Supreme Court has previously held that a motion that is not supported by any affidavits other than the petitioner's *259 own does not sufficiently meet the pleadings requirements of the post-conviction relief statute. Robertson v. State, 669 So.2d 11, 12-13 (Miss.1996). Furthermore, the documents he repeatedly refers to, i.e., the envelope with the two postmarks and an affidavit from his attorney, are not part of the official record. These documents were presented as an exhibit to this Court, but were never presented to the trial court. This Court will not address an issue initially on appeal and failure to raise an issue in the circuit court operates as a waiver. Von Brock v. State, 794 So.2d 279, 281(¶ 6) (Miss.Ct.App.2001) (citing Mack v. State, 784 So.2d 976, 979(¶ 10) (Miss.Ct.App.2001); Coleman v. State, 772 So.2d 1101, 1103 (¶ 8) (Miss.Ct. App.2000)).
¶ 10. "[W]hen reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). The trial court was correct in dismissing Bohreer's motion for post-conviction relief and we therefore affirm.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY DISMISSING THE MOTION FOR POST CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.