827 So.2d 55 (2002)
Joe Nathan WOMACK, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01428-COA.
Court of Appeals of Mississippi.
September 24, 2002.
*56 K. Elizabeth Davis, Greenwood, attorney for appellant.
Office of the Attorney General by John R. Henry Jr., attorney for appellee.
Before KING, P.J., LEE, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. Joe Nathan Womack was convicted by a Leflore County jury of two counts of armed robbery and was sentenced by the trial judge to serve consecutive sentences of thirty years on Count I and ten years on Count II in the custody of the Mississippi Department of Corrections. Thereafter, Womack instituted this appeal in which he asserts that the trial court erred by not granting his motion for a directed verdict and his peremptory jury instruction. He also contends that the verdict of the jury is against the overwhelming weight of the evidence and that the sentence imposed on him violates the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Mississippi Constitution, both of which proscribe the infliction of cruel and unusual punishment.

FACTS
¶ 2. On August 14, 1998, Tabitha Dunley and Terillo Ivory were working at the Umoja Market in Greenwood, Mississippi. Around 4:00 or 4:20 p.m., a male person, sporting a ponytail, standing 5' 4" to 5' 5" feet tall with a scar under his right eye, and wearing a white T-shirt, black pants and black hat, walked into the store. On two occasions, while the person perused the hair care products, Tabitha asked him whether he needed some assistance. Each time, he replied, "No, ma'am." Thereafter, Tabitha turned her back to look out of the window. The person then pointed a gun at her head and demanded that she give him the money. At this time, Tabitha attempted to give him the money from the cash register, but he exclaimed, "Don't touch it." As a result of this statement, Tabitha removed the entire register drawer and put it on the counter. The robber then removed $190 dollars from the register drawer. Thereafter, he asked Tabitha for her purse, grabbed it and removed its contents. He then asked Terillo for her purse and also removed the contents from her purse. Next, the robber asked Tabitha for a money bag, but he was not given one because there was not one in the store.
¶ 3. After failing to obtain a money bag, the robber walked Tabitha and Terillo to a *57 back room in the store and left them. They remained there until they could see that he was gone. After the robber exited the store, Tabitha and Terillo called the police and the owner of the store. Officer Demetrious Bedell of the Greenwood Police Department received a call from dispatch to respond to the call from the Umoja Market. Officer Bedell went to the Umoja Market, obtained an account of the incident, along with a description of the robber, and reported them to the police department. Later, Detective Ronald Cade, lead investigator of this case and also an officer of the Greenwood Police Department, developed two suspects, a Willie Brown and the Appellant, Joe Nathan Womack. He then presented a six-person photo lineup to Tabitha and Terillo who, without hesitation, identified Womack as the robber. Other facts will be related during the discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. The Sufficiency of the Evidence
¶ 4. Womack contends that his motion for a directed verdict and his peremptory jury instruction should have been granted because all evidence favorable to the State was not enough to support a guilty verdict against him. Womack asserts that the State failed to meet its burden of establishing that he committed the robbery. He supports this assertion by pointing out that the fingerprints from items thought to have been handled by the robber did not match his fingerprints, that he does not have a scar under his eye as described by the victims, and that no weapon was recovered from him. Womack also asserts that the State failed to establish that fear was the cause or reason for the victims' release of their property and the store's property. He subscribes to this reasoning because each of the victims testified that the robber did not curse, touch, or threaten them and that the robber did not fire any shots.
¶ 5. The standard of review of the denial of a motion for a directed verdict and of a peremptory instruction is the same. Baker v. State, 802 So.2d 77(¶ 13) (Miss.2001). When reviewing a denial of a peremptory instruction or a denial of a motion for directed verdict, we are required to consider the evidence in the light most favorable to the appellee, giving the appellee the benefit of all favorable inferences which may be reasonably drawn from the evidence. Baker 802 So.2d 77(¶ 13). We are required to reverse and render where the facts point so overwhelmingly in favor of the appellant that reasonable men could not have found the appellant guilty. Id. However, we are required to affirm where substantial evidence of such quality and weight exists to support the verdict and where reasonable and fair-minded jurors may have found appellant guilty. Id.
¶ 6. The State asserts that the evidence, considered in the light most favorable to the verdict, along with all reasonable inferences drawn therefrom, does establish that Womack entered Umoja's Market armed with a gun, pointed it at the head of Tabitha Dunley, and ordered both employees to give him the money from the register as well as the contents of their purses. Thus, the State contends that this Court is obligated to affirm Womack's conviction. We agree with the State's assertion.
¶ 7. Womack was charged with armed robbery. Mississippi Code Annotated section 97-3-79 defines the elements of armed robbery:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such *58 person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery....
Miss.Code Ann. § 97-3-79 (Rev.2000).
¶ 8. Substantial evidence of such quality and weight existed to support the guilty verdict. Tabitha and Terillo positively identified Womack as the male person who pointed the gun at Tabitha's head, ordered her to give him the money from the cash register, and demanded that Tabitha and Terillo's purses be given to him. Also, Jimmy Huff who has known Womack since high school testified that he witnessed Womack running from the direction of the Umoja Market around the time of the robbery. Thus, we affirm because reasonable and fair-minded jurors could have found Womack guilty of armed robbery.

2. The Weight of the Evidence
¶ 9. Womack also argues that the verdict of the jury should be set aside because it is against the overwhelming weight of the evidence. This argument implicates the discretion of the trial judge in denying a motion for a new trial.
¶ 10. The State asserts, and the record indicates, that Womack failed to file a motion for a new trial. Therefore, as the State further asserts, Womack is barred from raising this issue on appeal because he failed to preserve the issue via a motion for a new trial. Jackson v. State, 423 So.2d 129, 132 (Miss.1982). However, notwithstanding the procedural bar, we, for the reasons set forth during our discussion of the previous issue, find this issue to be wholly without merit.

3. The Violation against Cruel and Unusual Punishment
¶ 11. Womack contends that his sentence was disproportionate to sentences imposed on other defendants for the same crime in the Fourth Circuit Court District and other jurisdictions. Womack sites specific cases in the Fourth Circuit Court District in which a weapon was used and defendants received a lesser sentence than he received.
¶ 12. The State properly contends that a sentence will not be disturbed on appeal unless the sentence exceeds the maximum statutory period. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). Moreover, the State correctly notes that the sentences given Womack are within the term provided by statute. Mississippi Code Annotated section 97-3-79 provides that the sentence for armed robbery shall be life if fixed by the jury and, in cases where the jury fails to do so, the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three years. Miss.Code Ann. § 97-3-79 (Rev.2000). As previously observed, Womack was found guilty of two counts of armed robbery. He was sentenced to thirty years' imprisonment for Count I and ten years for Count II, with Count II to run consecutively with Count I. Womack received less than the maximum penalty permitted by the statute.
¶ 13. The State further points out that the Eight Amendment does not carry a guarantee of proportionality of sentences and that a proportionality analysis is required "only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality." Hoops v. State, 681 So.2d 521 538 (Miss.1996). We agree. We do not find that the sentences imposed in this case for the crime of armed robbery lead to an inference of gross disproportionality. While it may be that armed robbery defendants in other cases in the Fourth Circuit Court District, as well as armed robbery defendants in cases in other circuit districts, have received less severe *59 sentences, this fact does not prove that the sentences imposed here are grossly disproportionate to the crime committed. The trial judge stated that Womack had not taken responsibility for the crime and continued to insist that he was innocent despite the fact that the evidence of his guilt was overwhelming. The trial judge further explained that armed robbery is a very serious crime and that in cases where the defendant shows some contrition for his action, he takes this factor into consideration in the sentencing process. This issue lacks merit, and this Court affirms the trial court on all issues.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY OF CONVICTION OF TWO COUNTS OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS FOR COUNT I AND TEN YEARS FOR COUNT II TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO LEFLORE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.