885 So.2d 83 (2004)
Donald JONES a/k/a Donald McArthur Jones, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-02003-COA.
Court of Appeals of Mississippi.
May 25, 2004.
Rehearing Denied August 10, 2004.
Certiorari Denied October 28, 2004.
*85 Donald Jones, Appellant, pro se.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before KING, C.J., THOMAS and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Donald Jones entered a guilty plea to manslaughter in the Hinds County Circuit Court on June 6, 2000. In October of 2002, Jones filed a motion for post-conviction relief which was dismissed by the circuit court. Jones timely perfected his appeal from the dismissal and raises the following four issues.

ISSUES PRESENTED
I. Was Jones improperly induced through a misrepresentation by defense counsel that the prosecuting attorney would make no sentence recommendation on an open plea?
II. Was Jones' guilty plea knowingly and voluntarily entered?
III. Was the sentence imposed on Jones disproportionate to other terms of confinement ordered in similar circumstances by the trial court?
IV. Was Jones denied effective assistance of counsel?

STATEMENT OF FACTS
¶ 2. On April 6, 1999, Jones was indicted by a Hinds County grand jury for killing Arthur Johnson on New Year's Day 1999, in violation of Mississippi Code Annotated Section 97-3-19(1) (Rev.2000). On June 6, 2000, Jones pled guilty to the lesser offense of manslaughter. The plea was accepted. The trial judge continued the case until June 23, 2000, to allow the preparation of a pre-sentence report. On June 29, 2000, the trial court reviewed the pre-sentence report which included a sentence recommendation by the State. In the report, the State recommended the "maximum penalty according to the law" which was twenty years. See Miss.Code Ann. § 97-3-25 (Rev.2000). The trial judge sentenced Jones to twenty years with two years suspended and eighteen years to serve in the custody of the Mississippi Department of Corrections.
¶ 3. On October 14, 2002, Jones filed a pro se motion for post-conviction relief pursuant to Mississippi Code Annotated Section 99-39-5 (Rev.2000). Jones argued four points of error: his guilty plea was improperly induced by misrepresentations of defense counsel; his guilty plea was not knowingly and voluntarily made; his sentence was disproportionate to other sentences by the same trial court; and he was denied effective assistance of counsel. The circuit court dismissed the motion for post-conviction relief. Jones now appeals to this Court arguing the same four issues.

STANDARD OF REVIEW
¶ 4. "When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. *86 However, where questions of law are raised, the applicable standard of review is de novo." Brister v. State, 858 So.2d 181, 182 (¶ 4) (Miss.Ct.App.2003) (citing Graves v. State, 822 So.2d 1089, 1090 (¶ 4) (Miss. Ct.App.2002)).

LEGAL ANALYSIS

I. WAS JONES IMPROPERLY INDUCED THROUGH A MISREPRESENTATION BY DEFENSE COUNSEL THAT THE PROSECUTION WOULD MAKE NO SENTENCE RECOMMENDATION ON AN OPEN PLEA?
¶ 5. Jones asserts that his guilty plea was induced through an unfulfilled promise that the prosecutor would not make a sentencing recommendation on his open plea of guilty. Jones argues that he relied on his counsel's representation that no sentence recommendation would be made. Jones relies on a letter written by his trial counsel, Andre' de Gruy, as the basis of his argument. Apparently, after the plea and sentencing Jones wrote to Mr. de Gruy for advice on his case. That letter is not contained in the record for our review. However, the record does contain a letter from Mr. de Gruy to Jones. In that letter, de Gruy explained to Jones that he, as a public defender, could not represent Jones on the motion for post-conviction relief. Attorney de Gruy did give Jones some guidance on his legal claims.
¶ 6. Jones relies on a portion of that letter which states:
The issue as I see it is: You plead guilty only because the prosecutor reduced the charge to manslaughter and said she would make no recommendation. She had offered 15 years to serve but you said no to that. It was only after she agreed to make no recommendation did you agree to plea. That was the deal and she violated the agreement when she put in that Pre-Sentence Investigation Report that she wanted the maximum of 20 years and then argued to the court to give you 20 years. As your attorney I did not object to the PSI report or the argument. The reason I did not object, for your information, is that I was arguing for the 1 year alternative sentence and did not think it would be helpful for the judge to know the 15 year offer.
Jones provides this Court nothing but the unsworn letter from his former counsel to support his claim of misrepresentation. Jones failed to support his motion with affidavits from his counsel or other persons with knowledge of this matter. As such, Jones has failed to meet his burden for establishing his case for post-conviction relief on this issue. Bohreer v. State, 812 So.2d 256, 258-59 (¶ 9) (Miss.Ct.App.2002).
¶ 7. The only detail in the record regarding Jones' plea with the State is contained in the Pre-Sentence Investigation Report. In the report, Jones' plea is described by the State as an "open plea." This Court has held that an open plea does not "designate any specific recommendation that the State [will] offer." Brasington v. State, 760 So.2d 18, 27 (¶ 43) (Miss.Ct.App.1999). We held that in a situation where the defendant agrees to an open plea, the State is not bound by any agreement to offer a specific recommendation. Id. Similarly to Brasington, Jones provides this Court with no proof that a plea agreement existed, or that the State violated such an agreement other than his own assertions. According to Brasington, Jones could enter an open plea and the State could properly recommend a sentence to the trial court. This issue is without merit.

II. WAS JONES' GUILTY PLEA KNOWINGLY AND VOLUNTARILY ENTERED?
*87 ¶ 8. Jones argues that his guilty plea to manslaughter was not knowingly and voluntarily entered because the trial judge failed to advise him of the critical elements of manslaughter. Rule 8.04(A)(3) & (4) of the Uniform Circuit and County Court Rules addresses the issue of the voluntariness of guilty pleas and outlines the measures the trial judge must take upon the accused entering a plea of guilty. The rule states:
3. Voluntariness. Before the trial judge may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
4. Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
a. That the accused is competent to understand the nature of the charge;
b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.
A plea is deemed voluntary and intelligent if the defendant is advised regarding the nature of the charge against him and the consequences of his plea. Rankins v. State, 839 So.2d 581, 584 (¶ 12) (Miss.Ct. App.2003). The burden is on the petitioner to prove by a preponderance of the evidence that the plea was involuntarily entered. Id. Solemn declarations made in open court carry a strong presumption of verity. Fairley v. State, 812 So.2d 259, 263 (¶ 11) (Miss.Ct.App.2002).
¶ 9. In order to ensure that Jones had been properly advised and adequately understood the consequences of his plea, the trial judge questioned Jones on the record regarding the requirements of Rule 8.04(A)(4). Jones responded (1) that he had fully discussed the facts and circumstances of the offense with his attorney, including a discussion of possible defenses and elements of the crime of manslaughter, (2) that he was satisfied with his attorney's representation, (3) that he understood certain constitutional rights were available to him and that by pleading guilty he was waiving those rights, (4) that he committed the offense for which he was charged, (5) that he was not on drugs or other medications or being treated for a mental illness and (6) that he was not induced to plead guilty by threats or intimidation or by promises of leniency.
¶ 10. The judge made a finding on the record that Jones' guilty plea was freely, knowingly and voluntarily made. In response to Jones's specific claim that the trial judge failed to advise him of the critical elements of manslaughter, the record indicates that the judge specifically asked Jones if he discussed the elements with his attorney. Jones replied that he had. Furthermore, the trial judge followed the guidelines of Rule 8.04(A)(3) & (4). Jones' guilty plea was knowingly and voluntarily entered.

*88 III. WAS THE SENTENCE IMPOSED ON JONES DISPROPORTIONATE TO OTHER TERMS OF CONFINEMENT ORDERED IN SIMILAR CIRCUMSTANCES BY THE TRIAL COURT?
¶ 11. Jones contends that the sentence imposed on him by the trial court is disproportionate to the sentences imposed on similarly situated defendants within the same circuit court district. In his appellate brief, Jones cites several cases from the Hinds County Circuit Court where other defendants pled guilty to manslaughter and received shorter sentences than he received.
¶ 12. The State correctly argues that the imposition of a sentence is within the discretion of the trial court. Holt v. State, 757 So.2d 1088, 1089 (¶ 7) (Miss.Ct. App.2000) (citing Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). The sentence imposed is not subject to appellate review if it is within the statutory limits. Rodriguez v. State, 839 So.2d 561, 564 (¶ 11) (Miss.Ct.App.2003). Mississippi Code Annotated Section 97-3-25 (Rev.2000) states: "Any person convicted of manslaughter shall be fined in a sum not less than five hundred dollars, or imprisoned in the county jail not more than one year, or both, or in the penitentiary not less than two years, nor more than twenty years." The trial judge sentenced Jones to twenty years with two years suspended and eighteen years to serve. The sentence imposed on Jones was within the applicable statutory guidelines.
¶ 13. A sentence may be attacked under the Eighth Amendment based on the argument that the sentence is disproportionate to the crime committed. McCoy v. State, 820 So.2d 25,32 (¶ 18) (Miss.Ct.App.2002) (citing White v. State, 761 So.2d 221, 229 (¶ 39) (Miss.Ct.App. 2000)). The Eighth Amendment forbids prison sentences that are "disproportionate to the crime committed." Holt, 757 So.2d at 1089 (¶ 7) (citing Solem, 463 U.S. at 284, 103 S.Ct. 3001). However, the Eighth Amendment does not require that all sentences be subject to a proportionality analysis. Holt, 757 So.2d at 1090 (¶ 8). The proportionality analysis is applicable only when an inference of gross disproportionality appears from the comparison of the crime to the sentence imposed. Hoops v. State, 681 So.2d 521, 537 (Miss.1996) (citing Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)). Considering Jones' sentence, we find that a threshold comparison of the crime to which Jones admitted his guilt in the form of a guilty plea, manslaughter, to the sentence imposed by the trial court, does not raise an inference of gross disproportionality. Therefore, a proportionality analysis is not needed.
¶ 14. Jones' argument goes to the second prong of the proportionality analysis of Solem: a comparison of the sentence imposed with sentences imposed on other criminals in the same jurisdiction. The argument is similar to the one made by the appellant in Womack v. State, 827 So.2d 55 (Miss.Ct.App.2002). In Womack, this Court held that while other similarly situated defendants in the same circuit court district as Womack received less severe sentences than he did, "this fact alone does not prove that the sentences imposed here are grossly disproportionate to the crime committed." Womack, 827 So.2d at 59 (¶ 13). Similarly, the fact that other criminal defendants in Hinds County Circuit Court who pled guilty to manslaughter received shorter sentences than Jones has no decisive bearing on whether or not his sentence is disproportionate. The determination of proportionality relates back to the issue of statutory guidelines in sentencing. According to our prior decisions, we find no disproportionate sentencing *89 since Jones' sentence was within the statutory limits of Mississippi Code Annotated Section 97-3-25.

IV. WAS JONES DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 15. Jones contends that his trial counsel rendered ineffective assistance of counsel by misrepresenting to him that the State would make no sentence recommendation. Jones argues that based upon his attorney's misrepresentations about sentencing he was induced into pleading guilty to manslaughter. Jones argues that he pled guilty because the prosecutor reduced the charge to manslaughter and said that she would make no recommendation on his sentence.
¶ 16. In order to prevail on a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the petitioner. Beall v. State, 768 So.2d 949, 951 (¶ 7) (Miss.Ct. App.2000) (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The two-prong test of Strickland "applies to challenges to guilty pleas based on ineffective assistance of counsel." Beall, 768 So.2d at 951 (¶ 7). This burden of proof by the petitioner is met with the strong rebuttable presumption that "counsel's conduct falls within the broad spectrum of reasonable professional assistance." Walker v. State, 703 So.2d 266, 268 (¶ 8) (Miss.1997).
¶ 17. Jones "must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Finley v. State, 739 So.2d 425, 428 (¶ 8) (Miss. Ct.App.1999) (quoting Ford v. State, 708 So.2d 73, 75 (¶ 8) (Miss.1998)). Jones argues that his attorney was deficient for misrepresenting to him that the prosecution would not make a sentence recommendation. The only proof Jones provides to this Court regarding the alleged deficiency by his attorney are his own allegations in his brief and the unsworn letter from Mr. de Gruy. Jones "must prove that, under the totality of the circumstances, prejudice resulted from a deficiency in [trial] counsel's performance." Earley v. State, 595 So.2d 430, 433 (Miss.1992). In addition, such deficiencies must be presented with specificity and detail. Perkins v. State, 487 So.2d 791, 793 (Miss.1986). Jones falls short of meeting his burden on his ineffective assistance of counsel claim due to his failing to provide this Court with proper proof of misrepresentation and how that alleged misrepresentation prejudiced his case. This issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.