942 So.2d 291 (2006)
Tavaris VAUGHN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CA-01873-COA.
Court of Appeals of Mississippi.
November 14, 2006.
*292 John David Weddle, Tupelo, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., IRVING, and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Tavaris Vaughn pled guilty to the charge of sale of cocaine before the Circuit Court of Lowndes County on August 31, 2000. On May 22, 2002, the court sentenced Vaughn to a term of thirty years in the custody of the Mississippi Department of Corrections and ordered him to pay a fine in the amount of $5,000. Vaughn's motion for post-conviction relief was denied by the circuit court. Aggrieved by the trial court's decision Vaughn appeals. Finding no error, we affirm.

FACTS
¶ 2. Prior to the entry of this denial of post-conviction relief, Vaughn pled guilty to a charge of grand larceny and was sentenced to three years in the custody of the Mississippi Department of Corrections, with three years suspended, three years probation, and a fine in the amount of $1,000. His probation was revoked on November 13, 1998, and he was ordered to serve in the Regimented Inmate Discipline Program.
¶ 3. On or about November 5, 1999, a two-count indictment was issued against Vaughn for the sale of a schedule II controlled substance. Vaughn entered an open plea of guilty to Count I of the indictment on August 31, 2000. As a result of the guilty plea to Count I of the indictment, the State moved to retire to the file Count II of the indictment. The State also agreed to retire to the file an aggravated assault charge that was unrelated to this matter.
¶ 4. During the sentencing hearing, the assistant district attorney sought to introduce a witness who would testify as to the specifics of the aggravated assault charge that had been retired to the file. The court asked the assistant district attorney to describe what that testimony would be and further stated that this charge was an unrelated matter. The judge also said that the rules of evidence do not apply to sentencing hearings.
¶ 5. Lastly, the Lowndes County Sheriff sent a letter to the circuit judge informing him of Vaughn's escape after having entered a guilty plea and of the injuries and damages that resulted thereof. He further outlined his discussion with the wife of a man who was injured when the car Vaughn was driving collided head-on with her husband's car while Vaughn was being chased by a Lowndes County deputy. The sheriff asked that Vaughn receive the maximum sentence.
¶ 6. On May 23, 2005, Vaughn filed a motion for post-conviction relief; it was denied without a hearing. Aggrieved by the court's decision he asserts the following issues for this Court's review: (1) whether the circuit court's sentence of thirty years was improper, (2) whether the district attorney's office made unsolicited, improper, and prejudicial comments to the court, (3) whether there was a factual basis *293 to support his plea of guilty, and (4) whether the court erred in considering the letter submitted by the Lowndes County Sheriff.

STANDARD OF REVIEW
¶ 7. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000). Questions of law, however, are reviewed de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ISSUES AND ANALYSIS
I. Whether the circuit court's sentence of 30 years was improper.
¶ 8. Although there may be questions as to whether or not this sentence was appropriate, this Court is of the opinion that the trial court did not commit reversible error. This Court has noted that when sentencing, a trial judge acts with the broadest of discretion as long as the sentence is within the statutory guidelines. See Hoops v. State, 681 So.2d 521, 537 (Miss.1996). It is within the legislative purview to define crimes and to assign punishment. Weaver v. State, 713 So.2d 860, 863(¶ 17) (Miss.1997).
¶ 9. The State correctly argues that the imposition of a sentence is within the discretion of the trial court. Holt v. State, 757 So.2d 1088, 1089(¶ 7) (Miss.Ct.App. 2000) (citing Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). Vaughn's argument goes to the second prong of the proportionality analysis of Solem: a comparison of the sentence imposed with sentences that were imposed on others in the same jurisdiction. Vaughn points to similarly situated defendants who received less severe sentences and he uses this to assert that his sentence was disproportionate. In Womack v. State, 827 So.2d 55, 59(¶ 13) (Miss.Ct.App.2002), this Court stated that, "this fact alone does not prove that the sentences imposed here are grossly disproportionate to the crime committed." The fact that other criminal defendants in Lowndes County Circuit Court who were convicted or pled guilty to the sale of cocaine received shorter sentences than Vaughn has no decisive bearing on whether or not his sentence was disproportionate. Thus, the circuit court did not err in sentencing Vaughn to thirty years in the custody of the Mississippi Department of Corrections. This issue is without merit.
II. Whether the district attorney's office made unsolicited, improper, and prejudicial comments to the court.
III. Whether there was a factual basis to support the guilty plea.
¶ 10. Due to the similarity of these two issues, we will discuss them together. It is well settled that a defendant who pleads guilty waives his or her "privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). Thus, the comments that the district attorney's office made about the aggravated assault were not improper or prejudicial and the fact that cross-examination did not transpire has no bearing. Furthermore, the State was not required to prove each element of the offense since Vaughn was pleading guilty.
¶ 11. In Smith v. State, 636 So.2d 1220, 1225 (Miss.1994), the Court ruled, "it is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understand the *294 charge, how it involves him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty." We believe Vaughn had such knowledge.
¶ 12. Uniform Circuit and County Court Rule 8.04(A)(4)(c) provides that where the defendant wishes to plead guilty the court has the duty to address the defendant and make the determination as to whether or not "the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses and the right against self-incrimination." Once the trial court completes its inquiry, having advised the defendant of the consequences of a guilty plea, the plea is considered voluntary. Reeder v. State, 783 So.2d 711, 719(¶ 30) (Miss.2001). We are of the opinion that the trial judge made such a determination and after reviewing the record this Court finds that there was a factual basis to support Vaughn's plea and that it was voluntarily made. These issues are without merit.
IV. Whether the court erred in considering the letter submitted by the Lowndes County Sheriff.
¶ 13. Vaughn argues that the trial court was improperly influenced by a letter that was sent to the court from the Lowndes County Sheriff. We disagree. There is nothing present that would suggest that the trial judge was improperly influenced or that the letter was even given credence.
¶ 14. Nevertheless, trial judges may consider all kinds of information when sentencing. In Summerall v. State, 734 So.2d 242, 246(¶ 21) (Miss.Ct.App.1999) (citing Evans v. State, 547 So.2d 38, 41 (Miss.1989)), the court stated that "the trial judge here, sitting without a jury, had broad discretion in the things he was able to consider. He may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information he may consider, or the source from which it may come." Therefore, this issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., CONCURS IN RESULT ONLY.